■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 31, 1978, convicting him of burglary in the third degree, after a nonjury trial, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The sole question on this appeal is whether the circumstantial evidence against appellant was sufficient, as a matter of law, to establish his guilt beyond a reasonable doubt. The rule governing the sufficiency of circumstantial evidence, as articulated by the Court of Appeals, is that: " 'the facts from which the inference of the defendant's guilt is drawn must be established with certainty—they must be inconsistent with his innocence and must exclude to a moral certainty every other reasonable hypothesis' " *(People v Cleague,* 22 NY2d 363, 365-366). Viewed in a light most favorable to the People (see *People v Cleague, supra),* the record establishes to a certainty only that on December 16, 1975 Greta Davis' apartment located at 425 42nd Street, Brooklyn, was burglarized between the time she left for work at 8:00 A.M. and 12:30 P.M., when the police arrived on the scene. The principal evidence offered by the People to connect appellant to the burglary was his presence at 12:30 P.M., on the rooftops of buildings in the vicinity of the burglarized premises and his flight from the police officers when they directed him to halt. The sidebolts to the skylight at No. 425 had been broken but appellant, when approached, did not possess burglary tools or stolen property. Although the police observed appellant on the roof, they could not determine with exactitude what appellant was doing while on the roof nor the specific one of the attached buildings on which he was standing when sighted. Subsequent

inspection of Mrs. Davis' apartment did not uncover any incriminating evidence such as fingerprints or identifying items of clothing. Furthermore, the People failed to establish that appellant's presence on the rooftops coincided with the time the burglary was committed. Thus, we have nothing more than presence in the vicinity and flight in a situation where four and one-half hours had elapsed between the time Mrs. Davis left her apartment and the time appellant was apprehended. When viewed in its entirety, the evidence is legally insufficient to establish beyond a reasonable doubt that appellant burglarized Mrs. Davis' apartment. Damiani, J. P., O'Connor, Lazer and Rabin, JJ., concur.