■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK L. STEFANO, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered November 28, 1979, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, indictment dismissed, and case remitted to the County Court, Westchester County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. The defendant contends that the circumstantial evidence against him was insufficient, as a matter of law, to establish guilt beyond a reasonable doubt. In order to sustain a guilty verdict based solely on circumstantial evidence, the conclusion of guilt must be consistent with and flow naturally from the proven facts, and those facts, viewed as a whole, must exclude to a moral certainty every conclusion other than guilt (see People v Kennedy, 47 NY2d 196; People v Cleague, 22 NY2d 363). Viewed in a light most favorable to the People (see People v Kennedy, supra; People v Benzinger, 36 NY2d 29; People v Martinez, 72 AD2d 551), the record establishes that the defendant and Emil Berol had a disagreement with respect to a car Berol had sold to defendant. John Goodman, defendant's friend, was with defendant during some of the meetings that took place between Berol and defendant about the car. At one of these meetings at the Berol residence a dispute occurred as to whether Berol would pay defendant $100. When Berol refused to pay the $100, Goodman lunged at him. On October 24, 1978 Goodman entered the Berol residence and shot Berol three times. Goodman was the only person seen in the Berol residence by the witnesses. Berol's sister saw defendant's car in the Berol driveway prior to the shooting, but Goodman was the only person seen with the car. The defendant and Goodman were seen leaving a local tavern together just before the shooting and were seen re-entering the same establishment after the incident. The defendant had told the police that he had been with Goodman earlier in the evening, but had not seen him again that night once they had left the tavern. Berol testified that defendant had never threatened him. Based on the above, we conclude that the jury, in reaching its verdict, made inferences which were founded not on the evidence presented, but rather on unsupported assumptions drawn from evidence equivocal at best (see People v Kennedy, supra, p 202). Defendant's conviction could not have come about without the jury having leaped logical gaps in the proof entered (see People v Kennedy, supra; People v Benzinger, supra; People v Mitchell, 64 AD2d 119). When viewed in its entirety, the evidence is legally insufficient to establish beyond a reasonable doubt that defendant was involved in the shooting of Berol (see People v Martinez, supra; People v Mitchell, supra). Therefore, the

indictment must be dismissed (see CPL 470.20, subd 2). Mollen, P. J., Hopkins and Titone, JJ., concur; Weinstein, J., dissents and votes to affirm the judgment.