■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD WRIGHT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 15, 1983, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The record reveals that sufficient evidence was adduced at trial to prove defendant's guilt beyond a reasonable doubt. Questions of credibility are within the province of the jury (see, e.g., People v Simmons, 112 AD2d 173; People v De Tore,

34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025) and we find no basis upon this record to disturb the jury's resolution of these issues. Nor does the record reveal that the court's pretrial *Sandoval* ruling was an abuse of discretion *(see, e.g., People v Santarelli,* 49 NY2d 241).

The issue of the trial court's failure to give a missing witness charge has not been preserved for our review. The request for such a charge made by counsel for codefendant Simmons does not preserve this issue upon this appeal in the absence of some indication that defendant's counsel joined cocounsel in this request *(see, e.g., People v Teeter,* 47 NY2d 1002, 1003; *People v Foster,* 100 AD2d 200, 207, *mod on other grounds* 64 NY2d 1144, *cert denied* — US —, 106 S Ct 166). In any event, a missing witness charge was not warranted here *(see, e.g., People v Buckler,* 39 NY2d 895).

We have previously examined the conduct of the prosecutor during summation upon the appeal of codefendant Simmons and found that the alleged errors were unpreserved by Simmons and did not warrant reversal in the interest of justice *(People v Simmons, supra).* Although this appeal raises additional claims directed at the impropriety of the prosecutor's summation, they are also unpreserved and in any event do not warrant reversal.

We have examined defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.