■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FEI LIN, Appellant. [663 NYS2d 631] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 27, 1996, convicting him of kidnapping in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction on the second count of kidnapping in the first degree, vacating the sentence imposed thereon, and

dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to prove his guilt of two counts of kidnapping in the first degree beyond a reasonable doubt. After the People rested, the codefendant, also charged with two counts of kidnapping in the first degree, moved to dismiss the charges against him, specifically setting forth the arguments now proffered by the defendant on this appeal. The defendant also sought dismissal of the charges against him, stating that his motion was based on the same reasons as those of his codefendant. Contrary to the People's claim, the defendant's motion was adequate to preserve for appellate review those arguments which are based on the contentions of his codefendant (*see,* CPL 470.05 [2]; *cf., People v Wright,* 115 AD2d 677, 678).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to sustain the defendant's conviction of the first count of kidnapping in the first degree based upon the intent to compel a third party to pay ransom (*see,* Penal Law § 135.25 [1]). The defendant's fingerprints at the site where the victim was being held, and the testimony that the defendant approached the victim's brother-in-law at the prearranged ransom pickup spot and asked him whether he had the money, established that the defendant had the mental culpability necessary to commit the crime charged in the first count of kidnapping in the first degree and that, in furtherance thereof, he intentionally aided the principals by engaging in conduct designed to advance the purpose of the crime (*see, People v Cabey,* 85 NY2d 417, 421; *People v Kirby,* 176 AD2d 822, 823). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the first count was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The evidence was not, however, legally sufficient to prove the defendant's guilt of the second count of kidnapping in the first degree based upon an abduction lasting over 12 hours with the intent to inflict physical injury (*see,* Penal Law § 135.25 [2] [a]). It is undisputed that the physical injury inflicted upon the victim, upon which the prosecution relied to procure the defendant's conviction on this count, occurred at a time when the defendant was in police custody, having been arrested at the ransom pickup spot. The prosecution failed to adduce any evidence which would establish that the defendant shared the intent of the person who inflicted that injury, or that he solicited, requested, commanded, importuned or aided in the inflic-

tion of the injury (*see,* Penal Law § 20.00; *People v Stefano,* 79 AD2d 643). Accordingly, there was no basis for the jury's finding that the defendant acted in concert with those who actually inflicted the injury, and the conviction on the second count of first degree kidnapping must be reversed and that count dismissed. Rosenblatt, J. P., Ritter, Krausman and Florio, JJ., concur.