Chief Judge Desmond:
Defendant was convicted by a Kings County Court jury of two counts of robbery in the first degree and one of kidnapping and the judgment against him was unanimously affirmed by the Appellate Division. He does not question the legal sufficiency of the proof that, with another man, he held up two Brooklyn gas stations in the early morning of May 27, 1957, and forced an attendant in one station to ride with them in their getaway car.
Two rulings as to the admission of testimony are' pointed to as reversible errors. After defendant had been arraigned in a Magistrate’s Court on the indictment, he was committed to the House of Detention and there, 10 days later, he was visited by a detective who testified at the trial. Detective Ryan swore that defendant had given information during that interview as to the whereabouts of the car which had been-used in the holdups (the detective later went to that place and found the car), also that defendant had described the car and admitted that he had received some of the proceeds of the robberies. The admission of this testimony of post-arraignment admissions was illegal and a deprivation of defendant’s constitutional rights as amounting to testimonial compulsion (People v. Meyer, 11 N Y 2d 162; People v. Di Biasi, 7 N Y 2d 544, 551). The only real question on this branch.of the case is as to whether defendant’s counsel entered a sufficient objection. The Appellate Division held that there was no such objection. The trial minutes show that, after Detective Ryan had stated that he had questioned Gallo at the House of Detention on June 10th, this followed: *15 The objection was a bare one without specification of the grounds and it is the general (court-made not statutory, see Code Crim. Pro., § 420-a) rule that grounds for an objection should be stated. But the rule has limitations (People v. Murphy, 135 N. Y. 450, 455; Wightman v. Campbell, 217 N. Y. 479, 482; People v. Coffey, 11 N Y 2d 142; People v. O’Neill, 11 N Y 2d 148; Richardson, Evidence [7th ed.], § 612). Since we are ordering a new trial on a different ground and since a proper objection will, we assume, be voiced at the next trial if the same question is asked, we need not decide whether this evidence point was saved for review.
*14 “ Q. Will you tell us, what did you say to the defendant Gallo and what did he say to you on that particular day of June 10 —
“ The Court: If there is anything that Gallo said concerning anybody else, leave that out. Just tell us what he said about himself.
“ Mr. Aaronson [defendant’s counsel]: I object to that.
“The Court: Overruled.”
*15 We pass to the second error. On rebuttal a stenographer testified to a pre-arraignment question-and-answer interrogation of Gallo by an Assistant District Attorney. The witness read into the record not the whole of this statement but selected parts of it. Defense counsel then asked the court to be allowed to read other parts of this same statement which the defense believed to be exculpatory in nature. The County Judge refused to permit this. In those other parts of the statement defendant had denied ; involvement in the alleged robberies and kidnapping. The rule is: “ Where use is made in a judicial proceeding of a prior declaration the entire declaration at the time made so far as relevant must be taken together; a party may not utilize only so much of the declaration as is for his benefit, but he must also admit that which is against his interest and the whole" must stand or fall together ” (People ex rel. Perkins v. Moss, 187 N. Y. 410, 428; People v. Miller, 247 App. Div. 489, 493; 7 Wigmore, Evidence [3d ed.], § 2113, p. 523). As against this the prosecutor argues that, since defendant as a witness denied giving any of these answers, he cannot complain of prejudice from the exclusion from evidence of statements that he himself denied making. Whatever the rule may be in such a case, the record before us shows that defendant admitted having the interview but denied making some of the answers read into the record by the stenographer or, at least, expressed some doubt as to making them. He admitted making others of the responses as read to the jury. The general nature of defendant’s testimony on this subject was that he admitted making some of the replies, denied others, and as to still others said that he could not remember. Under the circumstances, fairness required that defendant’s counsel be *16 allowed to read into the record those parts of the statement in which defendant denied his guilt. This is so for another reason, also. The County Judge, as his ground for refusing to let defendant’s attorney bring out the exculpatory parts of the statement, said it was not being offered as a confession. However, in his instructions to the jury the Judge described this same statement as “ a confession or what is tantamount to a confession ”.
The judgment should be reversed and a new trial ordered.
Judges Dye, Fuld, Fboessel, Van Voobhis, Burke and Foster concur.
Judgment reversed, etc.