■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO CRUZ, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Dubin, J.), rendered September 18, 1980, convicting him of burglary in the second degree, criminal possession of stolen property in the third degree and possession of burglar's tools, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The trial of this case involved the burglary of the residence of Mario Porzio on October 9, 1979. The proof presented on the People's case consisted almost entirely of the testimony of Police Officer Moran. Moran testified that while in an unmarked vehicle on a special assignment with the anticrime patrol he observed defendant standing in front of a bar looking up to the roof of the bar where another individual, later identified as James Stoll, was standing. Stoll moved from the roof of the bar to a window ledge of the adjoining building and at one point defendant called up to him. Stoll then walked to the back of the building and approximately 30 seconds later a marked police car drove by. Stoll then returned to the ledge where, with the aid of a screwdriver, he opened the window leading to Mario Porzio's apartment. He returned to the roof of the bar, dropped the screwdriver to the ground, returned to the ledge and entered the opened window. Defendant picked up the screwdriver and placed it on the ground behind a dumpster on a nearby corner. Moran and his partner, Police Officer De Leon, subsequently apprehended Stoll in an alleyway behind the burglarized building. As they approached, Stoll dropped a set of keys which was later found to belong to Porzio. Defendant was also arrested and upon searching him

the police recovered a carpet knife, pliers, a wood carving knife and jumper cables. A screwdriver was recovered from behind the dumpster where defendant was seen to have placed it. At the defendant's trial, Stoll, who had previously pleaded guilty, testified that he had never seen or met defendant prior to their arrest. Stoll admitted his commission of the crime but denied that defendant had participated. On cross-examination, the prosecutor sought to impeach Stoll's credibility by asking numerous questions concerning Stoll's failure to provide information exculpating defendant from the time of Stoll's arrest through many of his court appearances prior to his plea of guilty. However, since Stoll pleaded guilty to the burglary only one week prior to the commencement of defendant's trial, any exculpatory statement Stoll might have made prior to his own plea would have been tantamount to an admission of his own guilt. The improper questions concerning Stoll's silence thus mandate reversal. Although we believe the error was preserved for review, lest there be any doubt, we reach the error in the interest of justice as well. Reversal is also required because of the prosecutor's improper comments made during his opening statement and in summation. The prosecutor claimed that the keys recovered from Stoll were to the jewelry store below the burglarized apartment and that defendant and Stoll intended to later burglarize the jewelry store. He also stated that defendant was an unemployed porter, implying thereby that defendant needed money. The only reference during the trial to the jewelry store was Mario Porzio's testimony that the jewelry store owner was his landlord. The stolen keys were not the keys to the jewelry store and nothing else in the record indicated that defendant and Stoll intended to burglarize the jewelry store. On appeal, the People admit with commendable candor that the mentioned statements were improper but urge that the error was rendered harmless by the weight of the other proof (see *People v Crimmins,* 36 NY2d 230). We do not agree that the evidence of defendant's guilt was so overwhelming as to render statements of such prejudicial magnitude harmless. Finally, we note that the prosecution did not call Officer De Leon and until the time of summation it did not offer an explanation for its failure to do so. When defense counsel requested the court to deliver a missing witness charge, the court initially refused but later changed its mind. The prosecutor then asked for an opportunity to prove to the jury that Officer De Leon was outside the jurisdiction of the State. The court denied this request. In its charge the court stated that "an inference may be drawn that if the witness had been called to testify that his testimony would not materially aid or benefit the People's case". Defendant was entitled to have the jury charged that the failure of a party to call a witness under his control who is shown to be in a position to give material evidence gives rise to an inference that the testimony would have been unfavorable (see *People v Rodriguez,* 38 NY2d 95; *People v Brown,* 34 NY2d 658; *People v Valerius,* 31 NY2d 51). Under the circumstances of this case, this charge was warranted because the prosecutor had ample opportunity to offer an explanation for Officer De Leon's absence but failed to do so. Defendant's remaining contentions are without merit. Lazer, J. P., Gibbons and Boyers, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment, with the following memorandum: I disagree with my learned colleagues' assessment of the severity of the enumerated errors and vote to affirm the judgment under review. It is my conclusion that the concededly improper comments of the prosecutor did not so substantially prejudice this defendant as to deny him a fair trial (*People v Galloway,* 54 NY2d 396, 401; *People v Ashwal,* 39 NY2d 105, 111). Reversing a judgment on the basis of prosecutorial misconduct is an "ill-suited remedy" inasmuch as it "does not affect the prosecutor directly, but rather imposes upon society the cost of retrying an individual who was fairly

convicted" (*United States v Modica,* 663 F2d 1173, 1184, cert den 456 US 989). Defendant complains of the remarks made by the prosecutor during the course of his opening statement regarding the former's employment status and his alleged intent to burglarize the jewelry store located below the apartment which was in fact burglarized. The prosecutor also claimed, incorrectly, as it turned out, that the stolen keys were the keys to the jewelry store. Notwithstanding the impropriety of such statements, I am of the view that since they were so brief in nature, defendant was not denied his right to a fair trial. Moreover, the jury was repeatedly instructed that the attorneys' comments did not constitute evidence. Such repeated instructions were sufficient to dissipate any prejudice which might otherwise have ensued on account of the prosecutor's remarks. Defendant further argues that the prosecutor improperly used Stoll's preplea silence to impeach his trial testimony. It is charged that the prosecutor attempted to discredit Stoll's version of the facts as merely a recent fabrication by focusing his questions upon Stoll's failure to provide, at an earlier date, information exculpating defendant. It bears noting, however, that defendant allowed the substance of this portion of the cross-examination to proceed without any basic complaint. Defendant raised an objection, at the outset of this line of questioning, which was sustained as to the form of the question. A subsequent objection was overruled. The record reveals that the defense did not articulate any specific reasons for excluding the testimony, did not express dissatisfaction with the adequacy of the court's rule, nor requested curative instructions. In my view, this matter was not preserved for appellate review (see *People v West,* 56 NY2d 662; *People v Dawson,* 50 NY2d 311; *People v Maschi,* 49 NY2d 784). Even though the majority is inclined to reach the issue as a matter of discretion in the interest of justice, I see no reasonable possibility that the verdict would have been different without the challenged testimony. There is no challenge to the legal sufficiency of the evidence. On the contrary, the proof of defendant's guilt was, in my view, overwhelming, i.e., defendant was found to be in possession of burglar's tools under circumstances which manifest an intent to use them in the commission of such an offense. Assuming, *arguendo,* that defendant's objections to the prosecutor's attempt to impeach the codefendant have been preserved for review, I would dismiss the error as harmless in view of the overwhelming evidence of defendant's guilt (see *People v Crimmins,* 36 NY2d 230). The trial court submitted the following charge to the jury: "Now, here there was testimony of another police officer in the car, and he wasn't here to testify. No inferences may be drawn against the defendant for failure of the People to call a witness, but an inference may be drawn that if the witness had been called to testify that his testimony would not materially aid or benefit the People's case." Defendant now maintains that this instruction was improper inasmuch as it failed to allow a sufficiently adverse inference to be drawn from the People's failure to have produced the subject witness. I disagree and find the charge to have been adequate in all respects. Since I deem the remainder of defendant's objections to the charge to be patently devoid of merit, it is my conclusion that the judgment under review should be affirmed.