OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Notwithstanding that defendant’s earlier statement was given without Miranda warnings, his later statement made after such warnings cannot be said, as a matter of law, to have been given in violation of his right against compulsory self-incrimination. This follows from the findings of the Trial Judge, supported by the record and undisturbed by the Appellate Division, and, therefore, beyond our power of review, that defendant voluntarily accompanied the detective to the station house; that he was left unattended in the detective’s office from 8:00 p.m. to 3:00 a.m. while his earlier statement was being investigated; that he was given food, drink and, when he complained of the cold, a sweater; that he was permitted contact with a family member; and that when he testified he made no claim that he had been told he could not leave (People v Winchell, 64 NY2d 826; People v Williams, 63 NY2d 882; cf. People v Chapple, 38 NY2d 112).
Moreover, duress, like entrapment and extreme emotional disturbance, "does not serve to negate any facts of the crime which the State is to prove in order to convict” (Patterson v New York, 432 US 197, 207, affg People v Patterson, 39 NY2d 288). It is rather a separate issue in disproof of intent, the State being required in the first instance to prove the necessary intent. Penal Law § 40.00, which denominates duress an affirmative defense, is, therefore, constitutional (People v Patterson, supra; People v Laietta, 30 NY2d 68, 75).
The other issues raised by defendant are either unpreserved or lacking in merit.
*1008 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Hancock, Jr., concur; Judge Titone taking no part.
Order affirmed in a memorandum.