■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDUARDO TORRES, Appellant.—

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The

evidence established that the defendant shared the intent of his accomplices and was not acting under duress. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (CPL 470.15 [5]). The question of whether the defendant was acting under duress is primarily one of credibility, which is to be determined by the jury (see, People v Gaimari, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

We find that the hearing court properly denied suppression of the defendant's oral, written and videotaped statements. That evidence was the product of a legal entry into the defendant's home. The police officers were given consent to enter by the defendant's sister-in-law (see, People v Adams, 53 NY2d 1; People v Cosme, 48 NY2d 286, 290; People v Schof, 136 AD2d 578). The defendant's subsequent warrantless arrest was proper and the evidence obtained as a result thereof was properly found admissible (see, People v Cristobal, 136 AD2d 558, 559; People v Hixon, 130 AD2d 508, 509; People v Harper, 119 AD2d 587).

We have considered the defendant's remaining contentions, including those raised in his supplemental pro se brief, and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur.