■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROOSEVELT MICKENS, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J., at suppression hearing, guilty plea and sentence), rendered on September 30, 1988, convicting defendant of arson in the second degree (Penal Law § 150.15) and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 10 to 20 years, unanimously affirmed.

When the officers investigated a fire and homicide at defendant's apartment, they found that defendant's mother had been stabbed and burned and they were informed that defendant and his mother had argued earlier that day. When the officers, accompanied by defendant's two siblings, found defendant, they informed him that his mother was dead. He indicated that he was aware of that fact and would take care of matters himself. He then accepted the police officers' offer to accompany them to the precinct for questioning. There, when asked what he knew about his mother's death, he admitted to starting the fire in the apartment. He immediately was given his *Miranda* warnings after which he gave a detailed written confession. Some seven hours later he gave a videotaped confession, during which time he was offered and refused comfort.

Defendant argues that his initial statement at the precinct should have been suppressed, since it was the result of custodial interrogation, without the benefit of *Miranda* warnings, and that the written confession, soon thereafter, made after issuance of the warnings, should be suppressed as a product of the "continuous chain of events" *(People v Chapple,* 38 NY2d 112, 114; *People v Bethea,* 67 NY2d 364). We need not reach these issues, given the propriety of defendant's videotaped

confession, made after a definite and pronounced break of approximately seven hours in the interrogation and newly issued warnings, which returned defendant to the status of one not under the influence of questioning. *(See, People v Bastidas,* 67 NY2d 1006, 1007.)* Concur—Ross, J. P., Carro, Asch and Rubin, JJ.