■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SAINTILIMA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 30, 1990, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and are determined to have been established.

The defendant hit the complaining witness, a former friend, over the head with a metal pipe, rendering him unconscious, causing him to lose a large amount of blood, and requiring a blood transfusion. At trial, the defendant admitted that he had hit the complainant but maintained that he had done so

in self-defense after he was attacked. On appeal, the defendant contends that the verdict was against the weight of the evidence because the prosecution failed to disprove his justification defense beyond a reasonable doubt, that the evidence was legally insufficient to sustain his conviction for assault in the first degree, and that he was substantially prejudiced by the trial court's failure to admit documentary evidence tending to show that he had made a contemporaneous exculpatory statement to the arresting officer when he admitted striking the complainant.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88; *People v Griffith,* 171 AD2d 678). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, a reversal of the defendant's conviction is warranted because the trial court excluded documentary evidence which tended to establish that the defendant had told the arresting officer that he acted in self-defense. At trial, the arresting officer testified that the defendant had told him after his arrest that "I'm not going to lie to you, I did do it". During cross-examination, the arresting officer testified that he did not recall the defendant saying anything more. However, two reports prepared by an Assistant District Attorney indicated that the officer had also stated to the Assistant District Attorney that the defendant told him that the complainant had hit him first.

It is well settled that a defendant is entitled to have the entirety of his statements, both inculpatory and exculpatory portions, placed into evidence *(see, People v Dlugash,* 41 NY2d 725). " 'Where use is made in a judicial proceeding of a prior declaration the entire declaration at the time made so far as relevant must be taken together; a party may not utilize only so much of the declaration as is for his benefit, but he must also admit that which is against his interest and the whole

must stand or fall together' " *(People v Gallo,* 12 NY2d 12, 15).

Inasmuch as this was a relatively close case requiring the jury to determine which witness, either the complainant or the defendant, was telling the truth and the exculpatory statement at issue tended to corroborate the defendant's version of events, we cannot conclude that the error was harmless. Accordingly, the defendant was substantially prejudiced by the court's ruling and a new trial is warranted. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.