■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PITTMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Mackston, J.), rendered November 26, 1990, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Before a defense witness may be cross-examined regarding his or her failure to provide law enforcement authorities with exculpatory information attested to at trial, certain foundational requirements must be met *(see, People v Dawson,* 50 NY2d 311, 321, n 4). Here, the prosecutor clearly failed to comply with the well-settled foundational dictates set forth by the Court of Appeals in *People v Dawson (supra)* prior to cross-examining a defense witness. However, the error was harmless since there exists no significant probability that the jury would have acquitted the defendant had it not occurred *(see, People v Ayala,* 75 NY2d 422, 431; *People v Crimmins,* 36 NY2d 230, 241-242).

The defendant was not denied a fair trial by the court's ruling which precluded his witnesses from testifying that the complainant, who was assaulted by the defendant, was a drug dealer. We find that the trial court acted within its discretion by precluding the proffered testimony because, contrary to the defendant's contentions, the testimony did not reasonably relate to his justification defense *(see, People v Dean,* 162 AD2d 699). Thompson, J. P., Eiber, Copertino and Pizzuto, JJ., concur.