■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered January 10, 1990, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed, without prejudice to the People to represent any appropriate charges to another Grand Jury. No questions of fact have been raised or considered.

The defendant contends that the court erred in allowing into evidence the investigating officer's testimony concerning the defendant's statement to him while at the same time precluding the defendant from introducing the videotape of the defendant's statement made by an Assistant District Attorney at the request of the investigating officer. We agree. The jury heard the investigating officer's testimony insofar as it recounted the defendant's having admitted to the shooting. Inasmuch as this case turned on the defendant's intent, and involved possible scenarios ranging from intentional murder to accidental death, the testimony of the investigating officer was critical. As it turned out, however, the jury heard only

the incriminating segment of what the defendant told the investigating officer. Apparently, a videotape containing the defendant's exculpatory account, was not shown to the jury, despite the defense counsel's insistence that the jury hear the full account. Specifically, the videotaped account reveals the defendant's remorse, exhibited by his crying during the first few minutes of the statement and the defendant's state of mind, demonstrated by the fact that the defendant claims to have been told by the deceased, as he was handed the gun, that the safety mechanism was engaged. Most critically, the videotaped statement describing such accidental shooting, gained heightened importance when the investigating officer, who testified that he had destroyed his handwritten notes, stated that he neither recalled the defendant telling him that the shooting was an accident nor that the defendant had been told by the deceased that the safety mechanism was on.

It is well settled that a defendant is entitled to have both the inculpatory and exculpatory portions of a statement introduced into evidence by the People, placed into evidence *(see, People v Dlugash,* 41 NY2d 725; *People v Saintilima,* 173 AD2d 496, 497). Where part of a conversation or writing has been received in evidence as an admission, the party against whom it is offered has the right to prove any other statement made by him at the same time which tends to modify or destroy the effect of the admission (Richardson, Evidence § 227 [Prince 10th ed]; *see, People v Gallo,* 12 NY2d 12, 15; *People v Saintilima, supra).* We find that given the ten minute interval between the two interviews which took place in the same room and in the presence of the investigating officer, the defendant's statements to the investigating officer and subsequent statements to the Assistant District Attorney was essentially one continuous interrogation *(see, e.g., People v Chapple,* 38 NY2d 112, 115; *People v Johnson,* 79 AD2d 617, 618; *People v Newson,* 68 AD2d 377, 392). Under the circumstances, we cannot say that there was no significant probability that the jury, if alerted to this exculpatory evidence, might have rendered a different verdict, such as finding the defendant guilty of criminally negligent homicide or completely acquitting him *(see, People v Crimmins,* 36 NY2d 230). Thus, keeping the videotape from the jury, a point amply and timely protested by the defense, deprived the defendant of a fair trial. Accordingly, because the defendant was convicted of a lesser included offense, the indictment must be dismissed *(see, People v Beslanovics,* 57 NY2d 726, 727).

We have examined the defendant's remaining contention

and find it to be without merit. Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.