■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LUIS FALCON, Respondent. [612 NYS2d 130] —Order, Supreme Court, New York County (Harold Rothwax, J.), entered March 29, 1993, which granted the People's motion to reargue a prior order dismissing the indictment on the ground that the Grand Jury proceeding was so unfair as to be defective within the meaning of CPL 210.35 (5), with leave to re-present and, upon reargument, adhered to the prior order, unanimously affirmed. Appeal from the order, same court and Justice, entered on or about January 5, 1993, unanimously dismissed as superseded by the appeal from the order of March 29, 1993.

Arrested for murder, defendant gave a statement that was reduced by the interrogating detective into a brief one-page synopsis and signed by defendant. Defendant then agreed to give a videotaped statement, which was taken at the precinct several hours later in the presence of the same detective and two Assistant District Attorneys. This statement was consistent with the first but provided much greater detail of the incident, including facts that raised a justification defense. The prosecutor introduced the one-page summary but not the videotape to the Grand Jury.

While "[t]he People generally enjoy wide discretion in presenting their case to the Grand Jury * * * and are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused", "[t]he prosecutor's discretion * * * however, is not unbounded, for it is settled that at a Grand Jury proceeding, the prosecutor performs the dual role of advocate and public

officer, charged with the duty not only to secure indictments but also to see that justice is done" *(People v Lancaster,* 69 NY2d 20, 25-26, 26, *cert denied* 480 US 922). Having elected to introduce the written statement, the prosecutor was obligated to introduce the videotaped statement as well, which, given during the course of a continuous interrogation, merely amplified the written statement *(see, People v Rodriguez,* 188 AD2d 566), and contained facts sufficient to support the defense of justification that the People were required to charge *(cf., People v Mitchell,* 82 NY2d 509). Concur—Carro, J. P., Rosenberger, Wallach, Kupferman and Tom, JJ.