■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC ARMSTRONG, Appellant. [621 NYS2d 21] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered June 2, 1993, convicting defendant, after a jury trial, of assault in the second degree and sentencing him to a term of 2⅓ to 7 years, unanimously affirmed.

Routine police investigation of crimes or suspicious conduct does not require that the *Miranda* warnings be administered unless the police have engaged in custodial interrogation *(People v Huffman,* 41 NY2d 29). The sort of limited exchange that occurred between defendant and the officer herein, who was conducting an on-the-scene investigation of criminal activity and which resulted in an extemporaneous admission by defendant, does not mandate the delivery of the standard preinterrogation warnings *(see, supra,* at 34-35). Defendant certainly "was not interrogated to coerce a confession, but rather asked a question designed simply to clarify the situation" *(People v Soto,* 198 AD2d 38, 39, *lv denied* 83 NY2d 810).

Defendant further argues that, even if the admission of his street statement was not in error, the refusal to permit him to present evidence of his precinct station statement mandates a reversal of his conviction because the two statements composed a single explanation to the police of what had occurred that night. While it is settled that a defendant is entitled to have his entire statement, both inculpatory and exculpatory portions, placed into evidence *(People v Rodriguez,* 188 AD2d 566, 567), there is no authority for the proposition that a post-*Miranda* statement made at the station house some 50 minutes later than one that is offered in the course of a forcible street stop constitutes a continuous interrogation. The cases relied upon by defendant all concern relatively brief intervals between statements made at the precinct, such as a written statement followed shortly by a videotaped statement *(People v Rodriguez, supra; People v Falcon,* 204 AD2d 181, *lv denied* 84 NY2d 825). Indeed, in *People v Hawthorne* (160 AD2d 727), the Court expressly rejected the claim by defendant therein that a post-*Miranda* statement provided about 40 minutes after an earlier statement was the product of a continuous interrogation. Concur—Kupferman, J. P., Ross, Williams and Tom, JJ.