■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JOHNSON, Appellant. [623 NYS2d 594] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered January 28, 1992, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the afternoon of July 6, 1991, an undercover narcotics officer observed the defendant hand several glassine envelopes of heroin to Melvin Gunther in exchange for a sum of money. After the sale was completed, the undercover officer transmitted descriptions of the suspects to her back-up team, and both the defendant and Gunther were arrested. Approximately five weeks later, while criminal charges were still pending against him in connection with his participation in the drug transaction, Gunther provided the defendant's attorney with an affidavit in which Gunther claimed that the defendant was not the individual who sold him heroin. Gunther subsequently pleaded guilty to criminal possession of a controlled substance in the seventh degree, and was called as a defense witness at the defendant's trial.

On appeal, the defendant contends that he was deprived of a fair trial because the prosecutor improperly cross-examined Gunther about his failure to come forward with exculpatory evidence at an earlier date. In support of his argument, the defendant relies upon our conclusion in People v Cruz (98 AD2d 726), that it was error for a prosecutor to cross-examine a codefendant in regard to his failure to come forward with

exculpatory evidence where the codefendant pleaded guilty only one week before the commencement of the defendant's trial. Thus, "any exculpatory statement [the codefendant] might have made prior to his own plea would have been tantamount to an admission of his own guilt" *(People v Cruz, supra,* 98 AD2d, at 727). The defendant's reliance upon *Cruz* is misplaced, however, as in the case at bar Gunther executed an affidavit exonerating the defendant before entering a plea of guilty in his own case, several months prior to the commencement of the defendant's trial.

It is well settled that a defense witness may be cross-examined regarding his or her own failure to provide law enforcement authorities with exculpatory information attested to at trial, only if certain foundational requirements have been met *(see, People v Dawson,* 50 NY2d 311, 321, n 4). Here, the prosecutor failed to establish a proper foundation to impeach Gunther because he did not demonstrate that the witness was familiar with the means to make his exculpatory information available to law enforcement authorities *(see, People v Dawson, supra).* However, we find the error harmless since the People presented overwhelming evidence of the defendant's guilt and there was no likelihood that the jury would have acquitted the defendant had the error not occurred *(see, People v Ayala,* 75 NY2d 422, 431; *People v Crimmins,* 36 NY2d 230, 241-242; *see also, People v Pittman,* 187 AD2d 679).

The defendant's sentence was neither harsh nor excessive *(see, People v Delgado,* 80 NY2d 780; *People v Suitte,* 90 AD2d 80). O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.