▪ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN BLACK, Also Known as VENTON BLACK, Appellant. [632 NYS2d 823] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered November 29, 1993, convicting him of murder in the second degree (two counts) and kidnapping in the first degree, upon a jury verdict, and imposing a sentence of consecutive terms of 25 years to life imprisonment for his convictions of murder in the second degree to be served concurrently with a term of 25 years to life imprisonment for his conviction of kidnapping in the first degree.

Ordered that the judgment is modified, on the law, by directing that the two terms of imprisonment for the defendant's convictions of murder in the second degree be served concur-

605

rently with each other; as so modified, the judgment is affirmed.

The defendant argues that the Supreme Court erred by denying the branch of his omnibus motion which was to dismiss the indictment on the ground that the integrity of the Grand Jury was impaired by the prosecutor's failure to present, in its entirety, the videotape of one of the defendant's multiple confessions to the police (*see*, CPL 210.35 [5]; *People v Lancaster*, 69 NY2d 20, *cert denied* 480 US 922). The prosecutor's presentation of evidence to the Grand Jury included a reading of the defendant's signed, written confession. However, the defendant argues that the prosecutor neglected his duty to present a complete version of the defendant's subsequent, more detailed, and potentially more exculpatory videotaped confession. The defendant contends that the videotaped confession, more than the written confession, contains statements that support the affirmative defense of duress, which the defendant had the burden of proving (*see*, Penal Law § 40.00 [1]; § 25.00 [2]; *People v Bastidas*, 67 NY2d 1006). We do not agree with the defendant's argument.

The prosecutor had no duty to present to the Grand Jury the videotaped confession in its entirety merely because it contains statements that have no counterpart in the previous, written confession and merely because some of those statements could be construed to support the affirmative defense of duress (*see, People v Mitchell*, 82 NY2d 509; *cf., People v Falcon*, 204 AD2d 181). In presenting the case to the Grand Jury, the prosecutor met or exceeded his obligations by eliciting from a police witness a summary of the contents of the videotaped confession and by delivering a duress charge. Also, the trial jury heard the videotaped confession. Thus, the defendant had an opportunity to present a duress defense. Accordingly, dismissal of the indictment at this stage is not warranted (*see, People v Perry*, 187 AD2d 678; *People v Gilliam*, 172 AD2d 1037; *People v Isla*, 96 AD2d 789).

The People correctly concede that, under the circumstances of this case, the sentences that were imposed for the defendant's convictions of intentional murder and felony murder must run concurrently with each other (*see, People v Day*, 73 NY2d 208, 210). Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.