■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO ARRIOLA, Appellant. [664 NYS2d 782] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered January 22, 1996, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, and sentencing him, as a second felony offender, to concurrent prison terms of 8 to 16 years and 1 year, respectively, unanimously affirmed.

The court properly denied defendant's requests to introduce or otherwise refer to a videotaped statement that he had made to an Assistant District Attorney but which the People did not introduce, although they introduced his earlier statements to the police. Since the videotaped statement came many hours after his statements to the police, there was a "definite, pronounced break" in defendant's interrogation (*People v Chapple*, 38 NY2d 112, 115), and the videotaped statement was not part of a continuous interrogation (*People v Armstrong*, 210 AD2d 182, *lv denied* 85 NY2d 935). In any event, exclusion of the videotape did not prejudice defendant's claim of self-

defense since the additional information contained therein would not have added anything of substance in this regard.

Defendant's claim of error in connection with the prosecutor's summation does not warrant reversal. The challenged portion of the prosecutor's summation, when viewed in context, constituted appropriate response to the defense summation (*People v Marks*, 6 NY2d 67, *cert denied* 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comments permissible in closing argument (*People v Galloway*, 54 NY2d 396). Moreover, the court's final instructions to the jury prevented any possibility of prejudice. Concur—Milonas, J. P., Rubin, Tom, Mazzarelli and Colabella, JJ.