OPINION OF THE COURT
David Stadtmauer, J.
Upon review of the instant motion papers and the videotape *715 recently provided by defense counsel, the defendant’s motion for reargument is granted. Upon reargument, the prior order of this court, which denied dismissal of the indictment (because of alleged Grand Jury defects), is adhered to.
The evidence of the defendant’s initial statement to the police (which was both exculpatory and inculpatory in nature) was brought to the attention of the Grand Jury through the testimony of Detective Velazquez. As was noted in the prior order of this court, however, that statement did not establish the defense of justification so as to require a separate instruction to the Grand Jury as to justification (People v Lancaster, 69 NY2d 20; People v Valles, 62 NY2d 36).
In addition, it is noted that the videotape (which recorded a statement made by defendant to the District Attorney) was made almost 20 hours after the initial written statement to the police and was not part and parcel of that initial statement. Therefore, the People cannot be accused of selectively editing out exculpatory portions of defendant’s statement—and presenting only the inculpatory portions—by their failure to offer the later videotape into evidence before the Grand Jury.
In a Grand Jury proceeding a prosecutor is not required to present exculpatory statements of a defendant in addition to submitted inculpatory statements, where the exculpatory statements “were not . a part of a single statement in which inculpatory and exculpatory thoughts were expressed”. (People v Mitchell, 82 NY2d 509, 513 [1993].) The videotape was not part of the original statement and there was nothing to prevent the defendant from exercising his right to testify before the Grand Jury and provide them with his own version of the events. As noted by the Court of Appeals in Mitchell (supra, at 515), “the People maintain broad discretion in presenting their case to the Grand Jury and need not seek evidence favorable to the defendant or present all of their evidence tending to exculpate the accused”.
The court is aware of what appears to be contrary authority emanating later from the Appellate Division in People v Falcon (204 AD2d 181 [1994]). In that memorandum decision, the Appellate Division, citing Mitchell (supra), held that the People were obligated to present to the Grand Jury an exculpatory videotaped statement made several hours after a previous written statement to the police (which was presented to that jury)— and that the People’s failure to do so constituted a material impairment of the Grand Jury process. However, the Court in Falcon did not define the term “several hours” and this court *716 will not construe or expand that term to include a videotaped statement made almost 20 hours after defendant’s initial written statement to the police. Twenty hours is a long time, sufficient to afford any defendant (even while in police custody) an opportunity to reflect upon his situation and possibly to tailor facts and events to his best advantage in a self-serving statement. Twenty hours is also a sufficient separation of time to negate any consideration of the written and videotaped statements as somehow being “one continuous statement” or part of “one continuous interrogation”.
The motion to dismiss is denied.