■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TEN WONG, Appellant. [682 NYS2d 619] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered March 27, 1996, convicting him of kidnapping in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of the second count of kidnapping in the first

degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the evidence was legally insufficient to prove his guilt of the second count of kidnapping in the first degree based upon an abduction lasting over 12 hours with the intent to inflict physical injury (*see,* Penal Law § 135.25 [2] [a]). In light of our decision in the codefendant's case (*People v Fei Lin,* 243 AD2d 724), the People have correctly conceded that this count should be dismissed, since the defendant's conviction was based on the same evidence we found insufficient therein.

The defendant has not preserved for appellate review his further contention that the court's jury charge as to the affirmative defense of duress impermissibly shifted to the defendant the People's burden of proving intent (*see,* CPL 470.05 [2]; *People v Robinson,* 88 NY2d 1001). In any event, as the affirmative defense of duress "does not serve to [negate] any facts of the crime which the State is to prove in order to convict" (*Patterson v New York,* 432 US 197, 207, *affg People v Patterson,* 39 NY2d 288), the burden of proof was not shifted to the defendant by the court's charge, nor did the court's charge allow the jury to convict on less than a unanimous verdict (*see, People v Bastidas,* 67 NY2d 1006, 1007).

Finally, there is no merit to the defendant's contentions that certain of the prosecutor's remarks during summation require reversal. Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.