■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUA SMITH, Appellant. [689 NYS2d 230] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered September 10, 1997, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The prosecutor was not obligated to present to the Grand Jury all the evidence which the defendant claims supported his justification defense (*see, People v Mitchell,* 82 NY2d 509; *People v Black,* 220 AD2d 604). The defendant was given the opportunity to present to the Grand Jury a lengthy and detailed account of his version of the events surrounding the shooting. Accordingly, dismissal of the indictment is not warranted since the defendant has failed to demonstrate either prejudice or that the integrity of the Grand Jury proceeding was impaired (*see,* CPL 210.35 [5]; *People v Darby,* 75 NY2d 449, 455).

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt.

The defendant sought to have his aunt testify that she attempted to enroll him in private school in order to remove him from the "bad element" in the neighborhood and that he had previously been beaten by members of a gang of which it is alleged the victim was a member. Contrary to the defendant's contention the proffered testimony did not reasonably relate to his justification defense, and thus, was properly excluded (*see, People v Pittman,* 187 AD2d 679).

The defendant's contention that the prosecutor made improper remarks during summation is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Tardbania,* 72 NY2d 852), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see,* CPL 470.15 [6]).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.