FOURTH DEPARTMENT, NOVEMBER, 2000

(November 13, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PABLO ORTIZ, Appellant. [716 NYS2d 489] —Judgment reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of manslaughter in the second degree (Penal Law § 125.15 [1]). County Court erred in refusing to admit in evidence defendant's entire statement to the police made while defendant was in custody. Because the prosecution utilized the suppressed statement on cross-examination of defendant to attack defendant's testimony as a recent fabrication and read substantial portions of the statement into evidence for that purpose, the court should have admitted the remaining portions of the statement (see, People v Gallo, 12 NY2d 12, 15-16; cf., People v McDaniel, 81 NY2d 10, 18). We cannot say that proof of guilt was overwhelming and thus, we conclude that the error was not harmless.

All concur except Wisner and Scudder, JJ., who dissent and vote to affirm in the following Memorandum:

Wisner and Scudder, JJ. (dissenting). We respectfully dissent and would affirm. County Court properly refused to admit in evidence the entire statement defendant made to the police while in custody. Defendant contends that it was admissible to disprove the inference that his testimony at trial was a recent fabrication. We disagree. "[T]he statement was made after defendant was under arrest, and thus after he had a motive to falsify" (*People v Sease-Bey*, 111 AD2d 195, 196, *lv denied* 66 NY2d 618; *see, People v Benton*, 158 AD2d 987, *lv denied* 75 NY2d 963). A prior consistent statement is not admissible to disprove the inference of recent fabrication where, as here, "the same motive to falsify which exists at the time of the testimony existed at the time the prior consistent statement was made" (*People v McClean*, 69 NY2d 426, 428; *see also, People v McDaniel,* 81 NY2d 10, 19). Further, defendant did not limit his offer of proof to the relevant portions of the statement (*cf., People v Gallo*, 12 NY2d 12, 15-16). (Appeal from Judgment of Monroe County Court, Smith, J.—Manslaughter, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Wisner, Scudder and Balio, JJ.