THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK BOYD, Appellant. [872 NYS2d 683]—Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered January 9, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree (four counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of four counts of robbery in the first degree (Penal Law § 160.15 [1], [2], [3], [4]) and one count each of murder in the second degree (§ 125.25 [3]), criminal possession of a weapon in the second degree (§ 265.03 [former (2)]), and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). "The question of whether the defendant was acting under duress is primarily one of credibility, which is to be determined by the jury . . . [, and t]he jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record" (People v Torres, 158 AD2d 730, 731 [1990], lv denied 76 NY2d 744 [1990]). Contrary to defendant's contention, County Court did not abuse its discretion in submitting to the jury the noninclusory concurrent counts of robbery in the first degree under Penal Law § 160.15 (2) and (4) (see People v Davis, 165 AD2d 610, 612 [1991], lv denied 78 NY2d 1010 [1991]; see also People v Kulakov, 278 AD2d 519, 520-521 [2000], lv denied 96 NY2d 785 [2001], reconsideration denied 9 NY3d 866 [2007]).

Defendant failed to preserve for our review his contention that the court erred in instructing the jurors on the statutory presumption set forth in Penal Law § 265.15 (4) with respect to defendant's intent to commit the crime of criminal possession of a weapon in the second degree (see People v Pulley, 302 AD2d 899 [2003], lv denied 100 NY2d 565 [2003]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant also failed to preserve for our review his contention that the evidence is legally insufficient to support the conviction of criminal possession of a weapon in the third degree (see People v Lane, 7 NY3d 888, 889 [2006]; People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Smith, Centra and Peradotto, JJ.