■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK L. McKINNON, Appellant. [911 NYS2d 404]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Grella, J.), rendered April 8, 2009, convicting him of robbery in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Robbins, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

While showup procedures are generally disfavored, they are permissible where employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (see *People v Duuvon*, 77 NY2d 541, 544 [1991]; *People v Mais*, 71 AD3d 1163, 1165 [2010]). Here, the showup was spatially and temporally proximate to the commission of the crime, as it was conducted one-quarter mile from the location of the robbery, approximately 16 minutes after it was reported (see *People v Rice*, 39 AD3d 567, 568 [2007]; *People v Gilyard*, 32 AD3d 1046 [2006]). Moreover, the showup identification was not unduly suggestive (see *People v Cruz*, 31 AD3d 660, 661 [2006]; *People v Lockhart*, 12 AD3d 842, 844 [2004]; *People v Lewis*, 287 AD2d 888 [2001]). Accordingly, suppression of the showup identification testimony was properly denied.

"The question of whether the defendant was acting under duress is primarily one of credibility, which is to be determined by the [finder of fact]" (*People v Torres*, 158 AD2d 730, 731 [1990]; see *People v Boyd*, 59 AD3d 1001, 1002 [2009]; *People v Zilberman*, 297 AD2d 517, 518 [2002]; *People v Williams*, 285

AD2d 565, 566 [2001]). In fulfilling our responsibility to conduct an independent review of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.