■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIC DEVERS, Appellant. [920 NYS2d 177]—

The defendant's contention that the evidence was not legally sufficient to support his conviction for murder in the second degree is not preserved for appellate review, as defense counsel merely made a general motion for a trial order of dismissal at the close of the People's case (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]; *People v Burgess*, 75 AD3d 650 [2010]; *People v Williams*, 38 AD3d 925, 925-926 [2007]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. The evidence presented by the People demonstrated that the defendant, with the requisite mental state, acted in concert with and intentionally aided another person in shooting the victim (*see People v Allah*, 71 NY2d 830 [1988]; *People v Whatley*, 69 NY2d 784, 785 [1987]; *People v Cancel*, 70

AD3d 960 [2010]; *People v Woodbourne*, 237 AD2d 547 [1997]; *People v Cheng*, 232 AD2d 651 [1996]; *People v Armistead*, 178 AD2d 607, 608 [1991]; *People v Johnson*, 162 AD2d 620 [1990]). "The question of whether the defendant was acting under duress is primarily one of credibility, which is to be determined by the jury" (*People v Torres*, 158 AD2d 730, 731 [1990]; *see People v McKinnon*, 78 AD3d 864, 864 [2010], *lv denied* 16 NY3d 744 [2011]). Upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the County Court erred in admitting into evidence a video recording of his statement to the police is unpreserved for appellate review, as he did not object to the admission of the recording at trial (*see* CPL 470.05 [2]). In any event, to the extent that he contends that the recording should not have been admitted because the People failed to lay a proper foundation for its admission, his contention cannot be reviewed on appeal as he specifically agreed to the admission of the recording without foundation. Furthermore, contrary to the defendant's contention, the recording was not rendered inadmissible because the police only recorded a portion of his interview, which lasted for more than an hour. The entirety of the recording was admitted into evidence, and the defendant does not dispute on appeal that "the videotape accurately represent[ed] the subject matter depicted," nor does he contend that the recording was altered or otherwise tampered with (*People v Patterson*, 93 NY2d 80, 84 [1999]; *see People v Ely*, 68 NY2d 520, 527-528 [1986]; *People v McGee*, 49 NY2d 48, 59 [1979]). Moreover, as the recording was an incomplete reproduction of the defendant's statement and included inculpatory material, the County Court properly permitted the defendant to introduce into evidence the exculpatory portions of that same statement which were not recorded by the police (*see People v Dlugash*, 41 NY2d 725, 736 [1977]; *People v Gallo*, 12 NY2d 12, 15 [1962]; *People v Green*, 74 AD3d 1899 [2010]; *People v Rodriguez*, 188 AD2d 566, 567 [1992]; *People v Saintilima*, 173 AD2d 496, 497 [1991]; Prince, Richardson on Evidence § 8-210 [Farrell 11th ed]).

The County Court properly exercised its discretion in admitting certain testimony concerning the defendant's membership in the Bloods street gang, as it was probative of his motive and critical to the jury's understanding of his relationship with the victim (*see People v Aguilar*, 79 AD3d 899 [2010]; *People v Scott*, 70 AD3d 977 [2010]; *People v Flores*, 46 AD3d 570, 571 [2007];

*People v Cruz,* 46 AD3d 567 [2007]; *People v Cain,* 16 AD3d 288 [2005]; *People v Filipe,* 7 AD3d 539, 540 [2004]).

The defendant's contention that the County Court shifted the burden of proof by improperly instructing the jury on the affirmative defense of duress is not preserved for appellate review (*see* CPL 470.05 [2]; *People v Ten Wong,* 256 AD2d 427, 428 [1998]; *see generally People v Robinson,* 88 NY2d 1001 [1996]). In any event, his contention is without merit, as the County Court properly instructed the jury that the burden of proving duress, as with any affirmative defense, is on the defendant, who must do so by a preponderance of the evidence (*see* Penal Law § 25.00 [2]; *Patterson v New York,* 432 US 197, 207 [1977], *affg People v Patterson,* 39 NY2d 288 [1976]; *People v Bastidas,* 67 NY2d 1006, 1007 [1986]; *People v Ten Wong,* 256 AD2d at 428; *People v Black,* 220 AD2d 604, 605 [1995]).

Finally, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 86 [1982]). Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.