People v Foucha (2021 NY Slip Op 06501)





People v Foucha


2021 NY Slip Op 06501


Decided on November 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


856 KA 17-01723

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LESEAN FOUCHA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered August 26, 2016. The judgment convicted defendant upon a jury verdict of criminal possession of a weapon in the second degree and criminal possession of stolen property in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of stolen property in the fourth degree (§ 165.45 [5]), defendant contends that County Court erred in instructing the jury on the automobile presumption set forth in Penal Law § 265.15 (3). Inasmuch as defendant did not oppose the requested instruction or object to the instruction as given, he failed to preserve that contention for our review (see People v Ealey, 176 AD3d 735, 735 [2d Dept 2019], lv denied 34 NY3d 1077 [2019]; see also People v Boyd, 59 AD3d 1001, 1002 [4th Dept 2009], lv denied 12 NY3d 814 [2009]). Considering that the automobile presumption set forth in section 265.15 (2), which is not subject to the exceptions applicable to section 265.15 (3), was clearly appropriate here because the vehicle defendant was operating was stolen, we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
To the extent that defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the instruction, we conclude that defendant did not meet his burden of showing " 'the absence of strategic or other legitimate explanations for counsel's challenged [in]action[]' " (People v Lopez-Mendoza, 33 NY3d 565, 572 [2019]; see People v Rivera, 71 NY2d 705, 709 [1988]). Indeed, defense counsel may have had a strategic reason for not objecting to the given instruction inasmuch as the language of the more appropriate presumption in Penal Law § 265.15 (2) " 'might not have been entirely helpful to the defense' " (People v Colon, 196 AD3d 1043, 1047 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]).
Contrary to defendant's further contentions, the conviction is supported by legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]) and, upon viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, defendant contends that the court erred in refusing to adjudicate him a youthful offender, and he asks this Court to exercise its interest of justice jurisdiction to adjudicate him a youthful offender. Defendant was convicted of an armed felony offense and thus could have been deemed an eligible youth had the court found certain mitigating circumstances or determined that his role in the crime was relatively minor (see CPL 720.10 [3] [i], [ii]; People v [*2]Meridy, 196 AD3d 1, 6-7 [4th Dept 2021], lv denied 37 NY3d 973 [2021]). In declining to adjudicate defendant a youthful offender, the court set forth its reasoning, concluding that there were no mitigating factors bearing on manner in which the crime was committed and that, although defendant was not the sole participant in the crime, his participation was not relatively minor. Under the circumstances, we conclude that the court did not abuse its discretion in declining to adjudicate defendant to be a youthful offender (see People v Jones, 166 AD3d 1479, 1480 [4th Dept 2018], lv denied 32 NY3d 1205 [2019]; People v Dukes, 156 AD3d 1443, 1443 [4th Dept 2017], lv denied 31 NY3d 983 [2018]; see generally People v Middlebrooks, 25 NY3d 516, 526-527 [2015]), and we perceive no basis for this Court to exercise our interest of justice jurisdiction to adjudicate defendant to be a youthful offender (see People v Quinones, 140 AD3d 1693, 1694 [4th Dept 2016], lv denied 28 NY3d 935 [2016]; People v Lewis, 128 AD3d 1400, 1400-1401 [4th Dept 2015], lv denied 25 NY3d 1203 [2015]; see generally People v Keith B.J., 158 AD3d 1160, 1160 [4th Dept 2018]).
Entered: November 19, 2021
Ann Dillon Flynn
Clerk of the Court