Memorandum. The order of the Appellate Division is reversed and a new trial ordered. The primary question at trial was whether the defendant was justified in striking the victim (Penal Law, § 35.15). During trial, defendant explained that he was drawn to the scene of the altercation when he heard his brother calling out, and upon arrival, he saw his brother lying on the ground with the victim, James Kelly, standing over him and kicking him. He further testified that he climbed over a fence which separated him from the scene of the incident, and approached Kelly who turned abruptly and swung at him with a hammer which was held in his left hand, and when defendant backed off Kelly again struck at him with a screwdriver he held in his other hand. At this point the defendant grabbed the nearest instrument and swung at Kelly, striking him in the head. Kenneth Cellilo, an eyewitness to the incident, corroborated the defendant’s testimony that Kelly first swung at him with a hammer. The justification statute (Penal Law, § 35.15), as applicable in this case, sets forth two types of justification: self-defense and the defense of another. The defendant quite correctly asserted at *1037 trial that he was entitled to a charge of justification under both categories. In determining the requirements of the court’s charge, the defendant is entitled to the most favorable view of the evidence (People v Steele, 26 NY2d 526, 529), and on the basis of the above testimony a jury could have credited the defendant’s story and found that he acted in self-defense. Although the court’s charge tracked the statutory language on justification, a fair reading of the charge clearly indicates that. the jury was advised only on justification in defense of another, without any instruction on the self-defense claim. This limitation was reversible error since the trial proof adequately raised the alternative ground of self-defense as a question of' fact for the jury (People v Shanis, 36 NY2d 697, 698). The court was obliged to make it clear that this case involved both types of justification, and failure to do so requires a new trial.
The defendant also challenges a court ruling that certain Grand Jury testimony, part of which was used by the prosecution on cross-examination to impeach a defense witness, was inadmissible on redirect. The witness, Thomas Torre, testified at trial that the victim kicked him as he lay on the ground and the prosecution, in order to impeach this witness, introduced a portion of his Grand Jury testimony in which he made no mention of the kicking. On redirect, the defense offered further Grand Jury testimony of Thomas Torre in which he specifically mentioned the kicking incident but the court ruled this testimony inadmissible as an improper attempt to bolster the witness’ direct examination (see Crawford v Nilan, 289 NY 444). The rule against bolstering direct testimony was inapplicable in this situation and the court’s exclusion was error. The defense sought to explain the Grand Jury testimony used on cross-examination by showing that additional parts of that testimony included statements about the kicking incident. Where only a part of a statement is drawn out on cross-examination, the other parts may be introduced on redirect examination for the purpose of explaining or clarifying that statement (People v Regina, 19 NY2d 65, 70; People v Buchanan, 145 NY 1, 24; see Feblot v New York Times Co., 32 NY2d 486, 498; Richardson, Evidence [10th ed], § 523). The redirect examination related directly to the subject matter of the cross-examination, bore upon the question of justification, and was, therefore, proper. Since justification was the primary issue in this case, we cannot say that refusal to admit the further Grand Jury testimony was harmless error.
*1038 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
Order reversed, etc.