■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER TURNER, Appellant.—Judgment of the Supreme Court, New York County (Leon Becker, J.), rendered April 26, 1985, which, after a jury trial, convicted defendant-appellant of manslaughter in the second degree and sentenced him to a term of from 4 to 12 years' imprisonment, unanimously reversed, on the law, with leave to the People to seek a new indictment for manslaughter in the second degree, and to retry defendant-appellant for criminal possession of a weapon in the second degree.

On March 21, 1984, appellant went to the apartment of Delores Beatty armed with a handgun. Ms. Beatty is the mother of appellant's child. Appellant knocked, kicked and banged on Ms. Beatty's door, and threatened to shoot her. Frightened, Ms. Beatty telephoned her sister, Marion, who in turn called their brother James Beatty. Hearing his sister was in danger, James Beatty ran to her apartment and saw appellant outside. Mr. Beatty then grabbed and punched appellant. A fight ensued. Shortly, Mr. Beatty was shot twice, once from between 2 and 18 inches and once from further away.

Appellant was indicted for murder in the second degree and criminal possession of a weapon in the second and third degrees. Justice Becker submitted the murder charge with the lesser included counts of manslaughter in the first and second degrees. In addition, he submitted criminal possession of a weapon in the second degree as a lesser included offense of the murder charge, and instructed the jury to consider that weapons possession charge only if they acquitted defendant of all the homicide charges.

The jury acquitted appellant of murder in the second degree and manslaughter in the first degree, but convicted him of manslaughter in the second degree.

This appeal arises from the jury charge. In his charge, Justice Becker said justification was not a defense to manslaughter in the second degree. *(Cf. People v Sullivan,* 68 NY2d 495.) Actually, justification must be submitted as a defense to reckless manslaughter when the evidence, viewed in a light most favorable to the defendant, supports a finding that defendant's conduct was justified. *(People v Torre,* 42 NY2d 1036.) The People concede the facts of this case support such a finding. However, inasmuch as a jury convicted appellant of reckless manslaughter, a retrial on that charge, caused by his successful appeal, will not constitute double jeopardy. *(People v Jackson,* 20 NY2d 440.)

Similarly, appellant can face retrial for criminal possession of a weapon in the second degree. Because the jurors found appellant guilty of a homicide charge, and, therefore, as instructed, did not reach the second degree weapons charge, appellant is not deemed acquitted of that weapons charge and retrial is not barred by double jeopardy. *(People v Jackson, supra.)* Concur—Kupferman, J. P., Carro, Asch and Milonas, JJ.