■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRETT R. CLOUETTE, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him of two counts of assault in the third degree. Defendant was arrested for driving while intoxicated and reckless operation and, while at the police station, he was handcuffed to the wall when he refused to be seated. At trial, the police officers testified that, while transporting defendant to the county jail, he assaulted them. Defendant's testimony was that he was protecting himself from police brutality. The court charged the defense of justification with respect to the two counts of assault in the second degree but refused to so charge with respect to the two counts of assault in the third degree. Defendant was acquitted of the two counts of assault in the second degree and argues on appeal that the court erred in failing to charge the defense of justification with respect to assault in the third degree. The People concede that justification can be an appropriate defense regardless of the *mens rea (see, People v McManus,* 67 NY2d 541, 547) and that the court erred in refusing defendant's request to charge on the ground that justification could not apply to reckless conduct. They argue for the first time on appeal, however, that the court should not have charged justification at all because it was not warranted based on the proof. Because identical conduct was alleged in counts charging both intentional and reckless assault, justification was equally applicable to both. There was testimony in this record from which the jury could have believed that defendant's actions were justified (Penal Law § 35.15; *see, People v Torre,* 42 NY2d 1036, 1037). A new trial on the counts charging assault in the third degree is required.

The court did not err in permitting the prosecutor to

question defendant about his civil lawsuit. Defendant failed to preserve the issue raised on appeal with respect to the charge and we decline to reach it in the interest of justice. (Appeal from judgment of Oneida County Court, Buckley, J.—assault, third degree.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.