■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KERMIT HART, Appellant.—Judgment, Supreme Court, New York County (Dorothy Cropper, J.), rendered November 2, 1989, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a predicate felon, to a term of imprisonment of from 6 to 12 years, unanimously affirmed.

We find no merit to defendant's argument that he was denied a fair trial when the trial court allowed the complaining witness to testify on redirect examination as to a prior consistent statement he made before the Grand Jury to the effect that he turned around and saw defendant holding a knife after defendant demanded his money. While it is true that the defense did not assail the witness' trial testimony as a recent fabrication *(People v McClean,* 69 NY2d 426), it remains that the Grand Jury testimony was not actually read to the jury, but simply recounted by the witness in response to a question as to whether he recalled telling the Grand Jury that he was facing the defendant during the course of the robbery. After being shown a portion of the Grand Jury

minutes, the witness testified that his recollection was refreshed, and proceeded to describe how he told the Grand Jury that he had turned around and faced defendant after defendant demanded his money. This was proper since defense counsel, on cross examination, after showing the witness a different portion of the minutes, elicited from the witness that he did not remember telling the Grand Jury that he had turned around and faced defendant. This might have left the jury with the impression that the witness had omitted a significant fact from his Grand Jury testimony, an impression which could only have weakened his credibility. In this way, defense counsel had "opened the door" concerning the witness' recollection of his Grand Jury testimony *(People v Torre,* 42 NY2d 1036, 1037; *see generally, People v Melendez,* 55 NY2d 445, 451-452). The redirect examination related directly to the subject matter of the cross examination, with the witness doing nothing more on redirect than answering the very question that he was unable to answer on cross.

Nor is there merit to defendant's argument that he was denied a fair trial by the prosecutor's comment on summation to the effect that the law does not require an acquittal of a crime involving a weapon simply because the weapon is not recovered. First, this is an accurate statement. Second, the comment was fair response to comments made by defense counsel in his own summation to the effect that the failure to recover the knife was "prime evidence" tipping the scales in defendant's favor. Third, the comment could not have been interpreted by the jury as an instruction on the law since the prosecutor began his summation by saying that it was for the Judge to instruct them on the law, and moreover the jury was instructed by the court in both its preliminary and final charge that they were to accept the law as given to them by the court. Finally, the jury was, after all, instructed by the court on the elements of first degree robbery, and must have understood that in order to convict they had to find, beyond a reasonable doubt, that defendant used or threatened the immediate use of a knife during the course of the alleged robbery or the immediate flight therefrom. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.