■ In the Matter of WILLIAM JESSE J., II, and Others, Infants. MIGDALIA V., Appellant; PIUS XII YOUTH AND FAMILY SERVICES, Respondent, et al., Respondent. [716 NYS2d 289] —Orders of disposition, Family Court, Bronx County (Allen Alpert, J.), entered on or about November 16, 1998, which, upon a finding of mental retardation, terminated respondent's parental rights to the subject children, and committed their guardianship and custody to petitioner agency and the Commissioner of Social Services for the purpose of adoption, unanimously affirmed, without costs.

The uncontroverted testimony of the court-appointed psychologist provided clear and convincing evidence that respondent is presently and for the foreseeable future unable, by reason of mental retardation, to provide proper and adequate care for the children. We have considered and rejected respondent's remaining arguments and find them to be unavailing. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL VEGA, Appellant. [714 NYS2d 438] —Judgment, Supreme Court, New York County (Renee White, J.), rendered February 20, 1996, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.

The court properly excluded a police report prepared by a detective who was not called as a witness, since defendant's statement contained therein was self-serving hearsay (*see, People v Sibadan*, 240 AD2d 30, 38, *lv denied* 92 NY2d 961). Since the officer who was called as a witness testified as to defendant's entire statement, as he recalled it, even after looking at the notes of the non-testifying detective, the rule of completeness (*see, People v Dlugash*, 41 NY2d 725, 736; *People v Gallo*, 12 NY2d 12, 15), raised by defendant as a theory of admissibility for the first time on appeal, is inapplicable. In any event, were we to find the exclusion of the report to be error, we would find the error to be harmless because the additional exculpatory value of the excluded matter was minimal, particularly in light of the overwhelming evidence of defendant's guilt provided by the victim's companions and a disinterested witness. Concur—Nardelli, J. P., Ellerin, Wallach, Andrias and Saxe, JJ.