■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAIM WALKER, Appellant. [726 NYS2d 857] —Judgment, Supreme

Court, Bronx County (David Stadtmauer, J.), rendered October 6, 1997, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

The court properly exercised its discretion in permitting the People to introduce defendant's videotaped confession in which two references to the deceased having committed robberies in the area were redacted. The redactions did not violate the rule of completeness (*see, People v Dlugash*, 41 NY2d 725, 736; *People v Gallo*, 12 NY2d 12, 15). There was nothing exculpatory about the redacted matter, because, in context, it had no connection to defendant's justification defense (*compare, People v Miller*, 39 NY2d 543), and it was not explanatory of the admitted portion of the statement (*see, People v Harris*, 249 AD2d 775, 777). In any event, the redacted matter could not have raised a reasonable doubt about defendant's guilt in light of the overwhelming evidence disproving defendant's justification defense (*see, People v Vega*, 276 AD2d 349).

The court's instruction to the jury that the term "initial aggressor" (*see*, Penal Law § 35.15 [1] [b]) means "the one who was the first to use deadly physical force *offensively*" (emphasis added), read together with the court's other instructions on the defense of justification, made it clear that defendant would not be considered the initial aggressor if he reasonably believed that deadly physical force was necessary to defend himself from the imminent use of deadly physical force by another. In any event, defendant could not have been prejudiced by the lack of further definition of the term "initial aggressor" because there was, as noted, overwhelming evidence disproving his justification defense.

We perceive no basis for reduction of sentence. Defendant's claim that his sentence was based on improper criteria is unpreserved and we decline to review it in the interest of justice. Concur—Mazzarelli, J. P., Andrias, Lerner, Saxe and Buckley, JJ.