■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUENTIN WHITE, Appellant. [739 NYS2d 63] —Judgment, Supreme Court, New York County (Leona Leo, J., at suppression hearing and jury trial; Donna Mills, J., at sentence), rendered January 25, 1999, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to three concurrent terms of 6 to 12 years, unanimously modified, on the law, to the extent of vacating the sentence on the conviction of criminal possession of a controlled substance in the fifth degree and substituting a term of 2 to 4 years, and otherwise affirmed.

In this observation sale case, the People provided defendant with CPL 710.30 (1) (b) notice that they intended to offer testimony concerning a confirmatory identification by the observing officer at the police precinct. Defendant moved to

suppress the identification, a *Wade* hearing was granted, and at the start of the hearing the prosecutor stated that there were actually two identifications. The first identification was when the arresting officer approached defendant and radioed to the observing officer to confirm, by radio, that defendant was the individual he had observed selling narcotics; however, no attempt to apprehend defendant was made until several hours later. The second identification was the originally-noticed precinct identification. In response to an inquiry by the court, defense counsel clearly stated that he was moving to suppress both identifications and said nothing about preclusion for lack of notice. After the court conducted a hearing as to both identifications and denied the motion to suppress in all respects, defense counsel unsuccessfully moved to preclude testimony about the first identification on the ground of lack of notice.

When defendant proceeded with the suppression hearing with respect to the first identification, any alleged deficiency as to notice was excused and the preclusion issue was waived (CPL 710.30 [3]; *People v Kirkland*, 89 NY2d 903; *People v Merrill*, 87 NY2d 948; *People v Goss*, 281 AD2d 298, *lv denied* 96 NY2d 863). In any event, the first identification was clearly exempt from the notice and hearing requirements of CPL article 710 (*see, People v Newball*, 76 NY2d 587, 592; *People v Wharton*, 74 NY2d 921).

The hearing court properly held that the second identification, made at the police station, was confirmatory. This is not changed simply because it was made almost three hours after the officer observed defendant selling drugs (*see, People v Morales*, 37 NY2d 262, 271-272). Therefore, defendant's suppression motion was properly denied.

The record refutes defendant's claim that the court failed to impose sentence as to each individual count upon which defendant was convicted. However, as the People correctly concede, the term of 6 to 12 years for criminal possession of a controlled substance in the fifth degree was not a lawful sentence for that class D felony (*see,* Penal Law § 70.06 [3] [d]; § 220.06). However, in view of the valid concurrent terms of 6 to 12 years for the other two convictions, we see no reason for a remand for resentencing and instead replace the illegal sentence with a legal term of 2 to 4 years (*see, People v Coleman*, 267 AD2d 110, *lv denied* 95 NY2d 794). Concur—Williams, P.J., Tom, Saxe, Rosenberger and Wallach, JJ.