■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS HUBRECHT, Appellant. [769 NYS2d 36]—

Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered April 30, 2002, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The court properly precluded defendant from introducing his exculpatory hearsay statements (*see People v Sibadan*, 240 AD2d 30, 38 [1998], *lv denied* 92 NY2d 861 [1998]). Defendant initially made a 911 call in which he asserted that he shot the deceased in self-defense. Shortly thereafter, he admitted the shooting, but without any claim of self-defense, to an emergency medical technician who responded to the scene. He subsequently made a statement at the police station in which he once again claimed self-defense. The People chose to introduce only the inculpatory statement to the technician. There was no exception to the hearsay rule under which the two exculpatory statements could be admitted. These statements were not admissible under the rule of completeness (*see People v Dlugash*, 41 NY2d 725, 736

[1977]) because the three statements were made to different persons in different settings and could not be viewed as a single continuous narrative or process of interrogation (*see People v Armstrong*, 210 AD2d 182 [1994], *lv denied* 85 NY2d 935 [1995]). Furthermore, the People did not open the door to admission of the hearsay statements. The isolated instances of which defendant complains did not create a misleading impression that defendant never told anyone that he acted in self-defense (*compare People v Carroll*, 95 NY2d 375, 385-387 [2000]). When the prosecutor made inquiries of two police witnesses that might be viewed as heading in the direction of creating such a misimpression, the court promptly sustained defendant's objections, and the prosecutor's inquiry of the medical technician did not imply that defendant had never claimed self-defense.

The court properly declined to charge justification since no reasonable view of the evidence, even when viewed in a light most favorable to defendant, supported the defense (*see People v Cox*, 92 NY2d 1002, 1004-1005 [1998]). Defendant's hearsay statements were excluded as noted, and defendant elected not to testify. There was no admissible evidence supporting his assertion that the deceased attacked him with a hammer, and this claim rests on speculation. Even assuming, arguendo, that there was enough circumstantial evidence from which the jury could infer that at the time of the incident the deceased had a hammer in her hand and threatened defendant with it, there was still no evidence that defendant believed he was in imminent danger of the deceased's use of deadly force, or that such belief was reasonable (*see People v Watts*, 57 NY2d 299, 301-302 [1982]).

The court properly exercised its discretion in precluding defendant from introducing a quantity of written statements made by the deceased relating to the protracted landlord-tenant dispute between defendant and herself. Defendant had never seen any of these papers before the incident. These writings contained only a single ambiguous statement, very remote in time, that was arguably a threat, and they were otherwise irrelevant to the state of mind of either defendant or the deceased (*see People v Rossakis*, 256 AD2d 366 [1998], *lv denied* 93 NY2d 929 [1999]; *People v Santiago*, 211 AD2d 734 [1995], *lv denied* 85 NY2d 942 [1995]).

Defendant's challenges to the People's summation are unpreserved (*People v Harris*, 98 NY2d 452, 492 [2002]; *People v Gonzalez*, 55 NY2d 720 [1981]), and we decline to review them in the interest of justice. Were we to review them, we would find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997],

*lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Concur—Nardelli, J.P., Tom, Andrias, Rosenberger and Friedman, JJ.