■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL BARRIENTO, Appellant. [772 NYS2d 824]—

Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered April 4, 2000, convicting defendant, after a jury trial, of rape in the first degree (five counts), course of sexual conduct against a child in the first degree, rape in the second degree (three counts), sexual abuse in the first degree (five counts), and attempted sexual abuse in the first degree, and sentencing him to an aggregate term of 20 years, unanimously modified, on the law, to the extent of vacating the sentences on the convictions of rape in the second degree and substituting terms of 2¹/₃ to 7 years on each of those convictions, and otherwise affirmed.

We conclude that under the circumstances presented, the report made by the younger of the two victims was too long after the events to qualify for admission under the "prompt outcry" exception to the hearsay rule. However, we find the error to be harmless (see People v Leon, 209 AD2d 342 [1994], lv denied 84 NY2d 1034 [1995]).

The court properly sustained the People's objection to a question defendant asked on cross-examination of the victims' mother, since the question, standing alone, was totally irrelevant to any issue in the case. It was not until a day after the witness had completed her testimony that defendant first explained that he had intended to open a line of inquiry suggesting a motive to fabricate. In any event, the court did not unduly restrict defendant's cross-examination (see People v Thomas, 46 NY2d 100, 105 [1978], appeal dismissed 444 US 891 [1979]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it (see Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).

As the People correctly concede, the term of 3¹/₃ to 10 years imposed for each conviction of rape in the second degree was not a lawful sentence for that class D felony (Penal Law § 70.00 [2] [d]). We see no reason for a remand for resentencing and

instead replace the illegal sentence with a legal term of $2^{1}/_{3}$ to 7 years (*see People v White*, 292 AD2d 239 [2002]), leaving the aggregate sentence unchanged. Concur—Andrias, J.P., Williams, Lerner, Friedman and Marlow, JJ.