■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN FERNANDEZ, Appellant. [784 NYS2d 554]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 15, 2002, convicting defendant, after a jury trial, of five counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

To the extent defendant articulated, on the record, any basis for introducing his own exculpatory statement, he did so only after the witness at issue had completed her testimony and was unavailable, as a practical matter, for recall. Therefore, defendant failed to preserve his present claim (*see People v Barriento*, 5 AD3d 220 [2004], *lv denied* 3 NY3d 636 [2004]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was no relevant purpose for introducing defendant's exculpatory response to the victim's accusation other than for its truth (*see People v Lawlor*, 219 AD2d 528 [1995], *lv denied* 87 NY2d 848 [1995]; *People v Sostre*, 70 AD2d 40, 45-47 [1979], *affd* 51 NY2d 958 [1980]), and that nothing opened the door to the statement (*see People v Hubrecht*, 2 AD3d 289 [2003], *lv denied* 2 NY3d 741 [2004]). The People never attempted to establish that defendant had made an admission by silence, and the court's consciousness-of-guilt charge, which dealt with defendant's flight, gave no such impression to the jury.

The court properly declined to deliver a circumstantial evidence charge. Since the evidence was both direct and circumstantial, no such charge was required. The essential issue before the jury was whether defendant's actions, as established by eyewitness testimony, warranted the conclusion that he was acting in concert with the codefendant (*see People v Roldan*, 88 NY2d 826 [1996]; *People v Holmes*, 204 AD2d 243 [1994], *lv denied* 84 NY2d 868 [1994]). Concur—Buckley, P.J., Nardelli, Saxe, Sullivan and Gonzalez, JJ.