■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE JONES, Appellant. [797 NYS2d 63]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered March 10, 2003, convicting defendant, after a jury trial, of assault in the first degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 20 years, unanimously affirmed.

The verdict was not against the weight of the evidence. Issues of credibility were properly considered by the jury and there is no basis for disturbing its determinations (*see People v Gaimari*, 176 NY 84, 94 [1903]).

The court properly declined to charge justification. Viewing the evidence in a light most favorable to defendant, and with recognition of a defendant's right to assert inconsistent theories of defense (*see People v Steele*, 26 NY2d 526, 529 [1970]), we conclude that no reasonable view of the evidence supported a justification defense (*see People v Hubrecht*, 2 AD3d 289, 290 [2003], *lv denied* 2 NY3d 741 [2004]). In order to find that defendant acted in self-defense, the jury would have to take an arbitrary and speculative view of the integrated testimony of a defense witness (*see People v Negron*, 91 NY2d 788, 792-793 [1998]).

Defendant's challenges to the main and supplemental charges do not warrant reversal. Although some of the language employed by the court was disapproved by us in *People v Johnson* (11 AD3d 224 [2004]), we find that in this case there was no prejudice to defendant, insofar as the court made it clear, especially in a supplemental instruction, that defendant was entitled to all reasonable factual inferences and the People had the burden of proving every essential element beyond a reasonable doubt (*see People v Garcia*, 15 AD3d 151 [2005]; *People v Cooper*, 233 AD2d 267 [1996], *lv denied* 89 NY2d 984 [1997]). Concur—Friedman, J.P., Ellerin, Nardelli and Sweeny, JJ.