■ The People of the State of New York, Respondent, v Abdoulaye Traore, Appellant. [803 NYS2d 566]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered January 7, 2004, convicting defendant, after a jury trial, of three counts of rape in the third degree and three counts of sodomy in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

During his cross-examination of the victim, defendant opened the door to evidence of defendant's explanation to the victim as to why he had not attended her party (*see People v Torre,* 42 NY2d 1036 [1977]). The explanation, that he had been driving with friends and had been "stopped," did not constitute evidence of an uncharged crime (*see People v Flores,* 210 AD2d 1 [1994], *lv denied* 84 NY2d 1031 [1995]). Moreover, the nature of the explanation was relevant to a credibility issue that defendant developed during cross-examination.

To the extent that a portion of an officer's testimony concerning his investigation of the crime could be viewed as lay opinion on the victim's credibility, we find the error to be harmless (*see People v Crimmins,* 36 NY2d 230 [1975]).

The challenged portions of the People's summation consti-

tuted fair comment on the evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). Defendant placed the victim's credibility at issue throughout the trial, including defendant's summation, and the People's responsive arguments did not constitute vouching and were not inflammatory (*People v Gonzalez*, 298 AD2d 133 [2002], *lv denied* 99 NY2d 614 [2003]). Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.