■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN MAYORQUIN, Appellant. [819 NYS2d 225]—

Judgment, Supreme Court, Bronx County (David Stadtmauer, J.), rendered November 23, 2004, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to a term of eight years, unanimously affirmed.

The court properly denied defendant's request for a justification charge since there was no reasonable view of the evidence, viewed in a light most favorable to defendant, that would support such a charge (*see People v Watts*, 57 NY2d 299, 301-302 [1982]). The evidence established that defendant stabbed the victim more than 20 times while the victim was lying on the ground and being beaten by others. Additionally, defendant and his companions could have retreated from the scene in complete safety. Defendant posits various scenarios supporting the justification defense, all of which rest on speculation (*see People v Hubrecht*, 2 AD3d 289, 290 [2003], *lv denied* 2 NY3d 741 [2004]). There was no evidence that defendant's actions against the victim were in defense of defendant's cousin.

Regardless of whether it was the prosecutor, defense counsel, or the court who was responsible for the inadvertent elicitation of a redacted portion of a medical record, we find the error, if any, to be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). The redacted phrase added nothing to the People's proof, and was consistent with defendant's theory of the case. Concur—Buckley, P.J., Saxe, Friedman, Williams and Malone, JJ.