15-1311-pr
Bowman v. Racette

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of September, two thousand sixteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

-------------------------------------------------------------------------
EDWARD BOWMAN, DIN#06A4121 Green Haven Correctional Facility P.O. Box 4000 Stormville, NY 12582-4000,

                    *Petitioner-Appellant*,

          v.                                          No. 15-1311-pr

STEVEN E. RACETTE,

                    *Respondent-Appellee.*
-------------------------------------------------------------------------

APPEARING FOR APPELLANT:     JEFFREY PITTELL, Maher & Pittell, LLP, Great Neck, New York.

APPEARING FOR APPELLEE:      ALYSON J. GILL, Assistant Attorney General (Barbara D. Underwood, Solicitor General; Nikki Kowalski, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General for the State of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*; Sarah Netburn, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 21, 2015, is AFFIRMED.

Edward Bowman appeals from the denial of his petition for habeas corpus relief from his 2006 New York State convictions for conspiracy, assault, and attempted robbery. See 28 U.S.C. § 2254. Bowman's conviction followed three trials, the first two of which ended in hung juries.

At the first trial, Bowman testified, admitting that he had driven the robbers to and from the scene of the crime, but without awareness of, much less intent to facilitate, their criminal objective. Bowman also admitted lying to authorities at a pre-trial proffer session when he denied being present at the robbery scene. He testified that he had so lied because he had been driving with a suspended license and feared losing his livery license if that fact were known. Bowman did not testify at his second trial, but the prosecution offered the aforementioned portions of his first-trial testimony into evidence. Bowman also did not testify at his third trial. This time, however, the prosecution offered only so much of Bowman's first-trial testimony as admitted his presence at the crime scene. It called an officer present at Bowman's proffer session to testify to his earlier denial of presence. Bowman unsuccessfully argued that, under New York's rule of completeness, the jury should also hear his first-trial testimony explaining the proffer-session lie. His completeness argument also failed on direct appeal.

2

In seeking habeas relief, Bowman argues that exclusion of his first-trial explanation for his proffer-session lie denied him his due process right to a fair trial. He also argues that admission of the proffer-session lie violated his privilege against self-incrimination and right to due process. Although Magistrate Judge Netburn recommended granting Bowman's petition on the former ground, Judge Swain denied it in all respects.

We assume familiarity with the full facts and record of prior proceedings, which we reference further only as necessary to explain our decision to affirm.

1.    Standard of Review

We review the denial of a habeas corpus petition de novo, see Hemstreet v. Greiner, 491 F.3d 84, 89 (2d Cir. 2007), mindful that a state prisoner is entitled to such relief only if, as relevant here, his conviction "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1). In making this determination, we look only to Supreme Court holdings as opposed to dicta, see Jimenez v. Walker, 458 F.3d 130, 146 (2d Cir. 2006), and we apply a "highly deferential standard for evaluating state-court rulings," Renico v. Lett, 559 U.S. 766, 773 (2010) (internal quotation marks omitted). In short, petitioner must show that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks omitted).

3

Where, as here, a petitioner argues constitutional error based on state-law evidentiary rulings, he faces a "doubly difficult challenge," Evans v. Fischer, 712 F.3d 125, 133 (2d Cir. 2013), because federal habeas courts generally will not "reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67–68 (1991).

Applying these principles here, we conclude that Bowman is not entitled to habeas relief from conviction.[1]

2.    Fair Trial Claim

a.    New York's Rule of Completeness

Bowman argues that the district court erred in rejecting the magistrate judge's conclusion that exclusion of his first-trial explanation for his proffer-session lie denied him a fair trial whether or not the state court correctly applied the rule of completeness. We disagree.

At the outset, we note that New York's rule of completeness compels admission of both inculpatory and exculpatory elements of a single statement when a party seeks to introduce one of those portions without the other. See People v. Dlugash, 41 N.Y.2d 725, 736, 395 N.Y.S.2d 419, 427 (1977); see also People v. Torre, 42 N.Y.2d 1036, 1037, 399 N.Y.S.2d 203, 204 (1977). The rule is grounded in equity "to avoid misleading the trier of fact about the statement's tenor." Richard T. Farrell, Prince, Richardson on Evidence

---

[1] The State does not argue that any procedural bar precludes federal courts from reaching the merits of Bowman's constitutional claims based on the state court's evidentiary ruling. Thus, we do not pursue that question here in concluding that those claims fail on the merits.

§ 1-102 (11th ed. 1995). Thus, if part of a statement is admitted, the rule of completeness requires that another part, "explanatory of the admitted portion," also be put into evidence. People v. Walker, 285 A.D.2d 364, 365, 726 N.Y.S.2d 857, 857 (1st Dep't 2001). It is critical to the rule, however, that the statements be part of "a single continuous narrative." People v. Hubrecht, 2 A.D.3d 289, 290, 769 N.Y.S.2d 36, 37 (1st Dep't 2003). The rule is not violated by the exclusion of a later statement explaining an earlier one "made to different persons in different settings." Id.

Applying these principles here, and mindful of the deference owed state courts in construing their own evidentiary rules, we conclude that Bowman has not demonstrated rule-of-completeness error "so egregious as to implicate the Fourteenth Amendment's guarantee of due process." Evans v. Fischer, 712 F.3d at 133. The first-trial testimony he sought to admit did not explain the admitted statement from that testimony, that is, Bowman's acknowledgment of presence at the robbery scene. Rather, it explained his earlier proffer-statement lie about not being at the scene. Because the lie was told to law enforcement authorities in the setting of a pre-trial proffer session, while the explanation was given to different persons, a jury, in the different setting of a trial, we cannot conclude that New York courts clearly violated the rule of completeness in refusing to admit the later hearsay explanation for the lie. See id.[2]

---

[2] The prosecution did not offer Bowman's first-trial testimony, acknowledging his proffer-session lie, at his third trial, as it had at his second. Thus, neither the state court nor the district court had to consider whether, in those circumstances, the rule of completeness would have required admission of Bowman's contemporaneous explanation for the acknowledged lie.

5

b.      *Chambers* Error

Bowman argues that, even if the state courts correctly applied the rule of completeness to exclude his first-trial explanation for the proffer-session lie, he was denied a fair trial under Chambers v. Mississippi, 410 U.S. 284 (1973).  In Chambers, the Supreme Court held that a correct application of state evidentiary rules can violate due process where the excluded evidence bore indicia of reliability and where exclusion prevents the defendant from mounting an effective defense.  See id. at 301–02.  The excluded statements at issue in Chambers were a third-party's multiple out-of-court admissions to committing the murder charged to defendant.  See id. at 292–94.

The Supreme Court cited several circumstances that, in Chambers, "provided considerable assurance of . . . reliability," id. at 300, including the spontaneity and temporal proximity of the admissions to the homicide at issue, significant corroboration for the admissions (both testimonial and physical), the fact that the admissions were against the declarant's penal interest, and the availability of the hearsay declarant as a trial witness subject to cross examination, see id. at 300–01.

Here, the fact that the excluded trial explanation for Bowman's proffer-session lie was made under oath and subject to cross examination at an earlier trial is some indicia of reliability.  At the same time, however, reliability is undermined by the fact that the explanation is entirely self-serving, and not against penal interest.  Further, there was nothing spontaneous or contemporaneous about the explanation to signal reliability.  Indeed, it was made more than a year after the lie it sought to explain.  Moreover, while documentary evidence confirmed that Bowman's license was suspended at the time of the

6

robbery, that affords only modest corroboration for his explanation that fear of losing his livery license would cause him to lie to authorities about his presence at a murder scene. In sum, the indicia of reliability here are not comparable to those in Chambers so as to compel a conclusion that Chambers clearly established a constitutional imperative to admit the hearsay statement at issue in this case.

In reaching that conclusion, Judge Swain further distinguished Chambers by noting that, there, the defendant's third-party perpetrator defense was effectively neutralized by the trial court's evidentiary rulings. Bowman suffered no such consequence because he could have taken the stand, as he did in his first trial, and explained why he had lied at the proffer. Bowman argues that such a construction of Chambers would require defendants to surrender their Fifth Amendment rights to pursue their defenses. The Supreme Court has deemed "it intolerable that one constitutional right should have to be surrendered in order to assert another." Simmons v. United States, 390 U.S. 377, 394 (1968). But the observation was made in the context of a Fourth Amendment challenge and only in dictum. The Court itself has cast doubt on giving Simmons broader reach, noting that, "to the extent that its rationale was based on a 'tension' between constitutional rights and the policies behind them, the validity of that reasoning must now be regarded as open to question." McGautha v. California, 402 U.S. 183, 212 (1971), vacated on other grounds sub nom. Crampton v. Ohio, 408 U.S. 941 (1972).

Thus, however we might apply Chambers or Simmons on direct appeal, we cannot conclude that, in these cases or any others, the Supreme Court has clearly held that due

7

process required the state court to admit Bowman's hearsay explanation for an admitted proffer-session lie in order to afford him a fair trial.

3.      Immunized Statements Claim

Bowman argues that the introduction of his proffer-session lie violated the terms of his proffer agreement.  Both the magistrate judge and district judge found the argument procedurally barred.  We agree.[3]

At no point did Bowman's trial counsel argue that the police officer through whom the prosecution introduced the proffer-session lie should not be allowed to testify. Counsel argued only that, if the officer testified, Bowman's first-trial explanation of the lie should be admitted as well.

On this record, application of New York's contemporaneous objection rule was not "exorbitant" so as to render it an inadequate ground for dismissal under this court's three-"guidepost" test.  See Whitley v. Ercole, 642 F.3d 278, 287–90 (2d Cir. 2011) (determining that courts should consider (1) whether "perfect compliance with the state procedural rule would not have led to a different outcome," (2) whether case law indicates that "compliance with the rule was demanded in the specific circumstances presented," and (3) whether defendant "substantially complied" with procedural rule). There is no reason to think that the trial court would have disregarded an objection based

---

[3] Bowman argues that two Supreme Court cases should guide our procedural bar analysis, but neither is apposite.  In Douglas v. Alabama, 380 U.S. 415 (1965), petitioner's counsel objected to the relevant evidentiary issue, id. at 422.  In Osborne v. Ohio, 495 U.S. 103 (1990), the Supreme Court deemed petitioner's counsel to have objected to the relevant issue based on a pre-trial motion that touched on it, id. at 123–24.

upon the proffer agreement; New York's contemporaneous objection rule is consistently applied in similar circumstances; and Bowman did not substantially comply with the rule.

Nor can Bowman defeat procedural bar by showing either cause for default and resultant prejudice or a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 750 (1991). Contrary to Bowman's arguments, his trial counsel's failure to object to the introduction of the immunized statements was not constitutionally deficient under Strickland v. Washington, 466 U.S. 668, 687 (1984). Nor does the excluded evidence meet the high threshold for establishing a miscarriage of justice. See House v. Bell, 547 U.S. 518, 536–38 (2006). Accordingly, the district court correctly viewed this part of Bowman's habeas challenge as barred from federal review.

4.    Conclusion

We have considered Bowman's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9