■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KWAME CARVER, Appellant. [46 NYS3d 575]—

Judgment, Supreme Court, Bronx County (James M. Kindler, J.), rendered March 20, 2014, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion. The police had probable cause to stop the car in which defendant was a passenger due to its loud muffler, which constituted a violation of the Vehicle and Traffic Law. The officer's testimony was sufficient to support the inference that the muffler, itself, was unlawfully loud, notwithstanding that police attention was also attracted by additional noise emanating from the car. During the lawful stop, the officer saw a bulge in defendant's waistband, a place closely associated with weapons. Contrary to defendant's assertion that the bulge was unspecified, the officer testified that it appeared to have the shape of a .22 caliber revolver, even though the officer could not see the complete outline of a weapon. Accordingly, the court properly determined that the officer's observations provided reasonable suspicion justifying his frisk of the area where he saw the bulge (*see People v Prochilo*, 41 NY2d 759 [1977]).

The verdict was not against the weight of the evidence (*People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility findings. The police officers' account of their recovery of the weapon from defendant was corroborated by defendant's knowledge of the weapon's unique characteristics, which he discussed in a recorded telephone call from prison.

The court properly exercised its discretion in permitting the People to introduce, in redacted form, defendant's recorded telephone conversation. The redaction of the portions in which defendant discussed having been advised by his attorney to plead guilty, the prison time he faced and whether the crime would be a felony or misdemeanor if the revolver were inoperable did not violate the rule of completeness (*see People v Dlugash*, 41 NY2d 725, 726 [1977]). There was nothing exculpatory about the redacted matter, and it was not explanatory of the admitted portion of the conversation (*see People v Walker*, 285 AD2d 364, 365 [1st Dept 2001], *lv denied* 97 NY2d 643 [2001]). Although defendant claims that the redacted matter would have shown that his knowledge of the revolver's unusual condition was actually derived from a conversation with his attorney, that claim is unfounded, and use of the redacted material for that purpose would have been misleading. We have considered and rejected defendant's constitutional argument concerning this issue (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]), and his request for a reconstruction hearing. Concur—Sweeny, J.P., Acosta, Moskowitz, Kapnick and Kahn, JJ.