People v Bermudez (2019 NY Slip Op 00177)





People v Bermudez


2019 NY Slip Op 00177


Decided on January 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 10, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Webber, Kahn, JJ.


8071 545/15

[*1]The People of the State of New York, Respondent,
v
Bayron Bermudez, Defendant-Appellant.


Seymour W. James, Jr., The Legal Aid Society, New York (David Crow of counsel), and Patterson Belknap Webb & Tyler LLP, New York (Daniel Friedman of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Karen Schlossberg of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered November 1, 2016, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first and second degrees, attempted assault in the first degree and two counts of criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 20 years, unanimously affirmed.
The court providently exercised its discretion in permitting the girlfriend of the attempted murder victim (the other victim being a bystander) to testify that her boyfriend had identified defendant as the person who shot him. This testimony qualified as an excited utterance because when this victim made the statement, he had just been shot in the leg, and surrounding circumstances show that he was "under the stress of excitement caused by an external event sufficient to still his reflective faculties" (People v Edwards, 47 NY2d 493, 497 [1979]). Although defendant and the victim were enemies, the victim was in an agitated condition that rendered it unlikely that he was scheming to falsely accuse defendant of shooting him (see People v Gantt, 48 AD3d 59, 63-65 [1st Dept 2007], lv denied 10 NY3d 765 [2008]).
The court also properly received a detective's rebuttal testimony that the girlfriend had told the detective that the victim had identified defendant to her as his assailant. The People properly introduced that testimony to rebut the inferences raised by defense counsel, during cross-examination of the girlfriend and direct examination of a defense witness, that the girlfriend's testimony was a recent fabrication invented to obtain a benefit from the People in a pending case against her. The prior consistent statement made to the detective predated the alleged motive to falsify (see People v McClean, 69 NY2d 426, 428-430 [1987]; People v Baker, 23 NY2d 307, 322-323 [1968]).
Defendant was not deprived of a fair trial by the People's unsuccessful attempts to get the attempted murder victim to testify about the crime, or by related events at trial. By the time of trial, this victim was awaiting sentence in an unrelated case and had entered into a cooperation agreement. The victim took the stand and testified about the agreement, but refused to give any testimony about the incident. The victim, who did not cite the Fifth Amendment or assert any other privilege, persisted in his refusal despite the threat of contempt. We conclude that there was nothing in the victim's refusal to testify, the cooperation agreement, or the People's related comments in voir dire and opening and closing statements, that would lead the jury to draw inculpatory inferences against defendant that would add any weight to the People's case (see People v Vargas, 86 NY2d 215, 222 [1995]; People v Berg, 59 NY2d 294, 298 [1983]). The various comments made by the prosecutor were neutral, and neither the victim's limited testimony before the jury nor the fact of his cooperation agreement were likely to lead the jury to infer defendant's guilt. In any event, to the extent the jury could have inferred that the victim had inculpatory evidence that he was refusing to reveal, the court's instructions that the jury was not [*2]to speculate as to why the victim refused to testify was sufficient to avoid that inference (see Berg, 59 NY2d at 300), and the jury is presumed to have followed the instruction.
The court providently exercised its discretion in precluding defendant from introducing an entire recorded phone conversation between defendant and his cousin. There was no showing that the excluded portion was exculpatory, or explanatory of the portion that had been placed in evidence by the People (see People v Dlugash, 41 NY2d 725, 736 [1977]; People v Carver, 147 AD3d 415, 416 [1st Dept 2017], lv denied 29 NY3d 1030 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 10, 2019
CLERK