The People of the State of New York, Respondent,
against
Kamran Khan, Appellant. 




Martin Geoffrey Goldberg, for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill, Ellen C. Abbot and Eugene J. Dirks of counsel), for respondent.

Appeal from a judgment of conviction of the Criminal Court of the City of New York, Queens County (Douglas S. Wong, J.), rendered March 15, 2018. The judgment convicted defendant, upon a jury verdict, of common-law driving while intoxicated, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the Criminal Court for a new trial.
Following a jury trial in 2018, defendant was found guilty of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). On appeal, defendant contends, among other things, that he was denied due process of law because the Criminal Court, in violation of the rule of completeness, allowed only a portion of the Intoxicated Driver Testing Unit (IDTU) video to be admitted into evidence at trial. Defendant also contends that comments made by the prosecutor deprived him of a fair trial.
After the completion of jury selection but prior to opening statements, the People made a motion in limine to have only a portion of the IDTU video admitted into evidence at trial, which motion the Criminal Court granted. We find that the Criminal Court's ruling did not violate the rule [*2]of completeness (see People v Dlugash, 41 NY2d 725, 736 [1977]), since the excluded portion contained nothing exculpatory and was not explanatory (see People v Saylor, 173 AD3d 1489, 1491 n 2 [2019]; People v Cartagena, 170 AD3d 451, 452 [2019]; People v Bermudez, 168 AD3d 446, 447 [2019]; People v Carver, 147 AD3d 415, 416 [2017]).
Upon a review of the record, we find that the cumulative effect of the prosecutor's repeated improper references during cross-examination and in his summation to the fact that two people had gone to the hospital as a result of defendant's unrelated motor vehicle accident in 2008, which fact was not in evidence at trial, and to defendant's attitude with respect to this supposed fact, to which comments defense counsel objected, deprived defendant of his right to a fair trial (see People v Riback, 13 NY3d 416 [2009]; People v Brown, 26 AD3d 392 [2006]; see also People v Gutierrez, 27 Misc 3d 143[A], 2010 NY Slip Op 51067[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]). 
We pass on no other issue. 
Accordingly, the judgment of conviction is reversed and the matter is remitted for a new trial.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 24, 2020