People v Matthews (2021 NY Slip Op 03999)





People v Matthews


2021 NY Slip Op 03999


Decided on June 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 22, 2021

Before: Renwick, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Ind Nos. 980/16, 4347/17 Appeal No. 14099 Case No. 2018-03295 

[*1]The People of the State of New York, Respondent,
v
Narada Matthews, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Judgment, Supreme Court, New York County (Juan M. Merchan, J.), rendered April 25, 2018, convicting defendant, after a jury trial, of robbery in the first degree (two counts), attempted assault in the first degree, criminal possession of a weapon in the second degree (two counts) and bribing a witness (three counts), and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
The court providently exercised its discretion in declining, on grounds of irrelevance and unreliability, to admit two 911 calls offered by the defense as present sense impressions (see generally People v Aska, 91 NY2d 979, 981 [1998]; People v Scarola, 71 NY2d 769, 777 [1988]) . The unidentified hearsay declarants made observations that differed somewhat from testimony given by People's witnesses. Any bearing that these calls may have had on the credibility of those witnesses, or any support the calls may have provided for the defense theory of the case, were too minimal to be considered exculpatory. Furthermore, the circumstances did not demonstrate that the declarants had sufficient opportunities to make reliable observations.
The court also providently exercised its discretion in either excluding or including certain portions of recorded telephone calls defendant made while in custody and awaiting trial. With regard to the portions that defendant sought to introduce, there was no showing that they were exculpatory, or explanatory of the portions that had been placed in evidence by the People (see People v Carver, 147 AD3d 415, 416 [1st Dept 2017], lv denied 29 NY3d 1030 [2017]). In any event, any relevance these portions may have had to any trial issues was remote. On the other hand, the remark that defendant sought to redact was relevant to some of the charges and was not unduly prejudicial.
Defendant did not preserve his claim that the court unduly restricted his expert's testimony, and we decline to review it in the interest of justice. Defendant has not demonstrated that the court's ruling on the scope of his expert's reference to defendant's recorded phone calls differed in any material way from defense counsel's limited offer of proof on this subject. As an alternative holding, we find that the court's ruling was likewise a provident exercise of discretion (see generally People v Goldstein, 6 NY3d 119, 127-128 [2005], cert denied 547 US 1159 [2006]).
With regard to the above-discussed evidentiary rulings, defendant's objections raised, at most, state law issues, and he did not alert the court to any of his present constitutional arguments. Accordingly, the constitutional aspect of each of these claims is unpreserved (see e.g. People v Lane, 7 NY3d 888, 889 [2006]; People v Angelo, 88 NY2d 217, 222 [1996]), and we decline to review those arguments in the interest of justice. As an alternative holding, we also reject them on the merits (see generally Crane v Kentucky, 476 US 683, 689-690 [1986]).[*2]
We have considered and rejected defendant's arguments regarding the sufficiency and weight of the evidence supporting the attempted assault conviction and two of the witness-bribing convictions (see People v Danielson, 9 NY3d 342, 348-349 [2007]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 22, 2021